Charles and Louise SCHNEIDER,
Plaintiffs-Respondents,

v.

SUNSET POOLS OF ST. LOUIS, INC.,
a corporation, d/b/a Sunset Pools,
Defendant-Appellant.

No. 48991.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 29, 1985.

W.W. Sleater, Clayton, for defendant-appellant.

David A. McMahon, Clayton, for plaintiffs-respondents.

KAROHL, Presiding Judge.

Defendant, Sunset Pools of St. Louis, Inc. d/b/a Sunset Aquatech Pools (Sunset), appeals judgment against Sunset and in favor of plaintiffs, Charles and Louise Schneider, homeowners, on their contract action for damages.

On May 25, 1982, plaintiffs brought suit against defendant, Henry L. Olfe, d/b/a Sunset Aquatech Pools, in an associate circuit court, for damages in the amount of $4,738, alleging breach of contract to build a swimming pool. On July 6, 1982, Sunset filed an answer and counterclaim attempting to substitute itself as defendant for defendant Olfe. On August 16, 1983, the associate circuit court struck Sunset's an-

swer and counterclaim and found in favor of plaintiffs and against defendant Olfe only, in the sum of $3,000 and costs. Defendant Olfe requested a trial de novo on August 25, 1983. The cause was heard as a circuit court case on April 4, 1984. Plaintiffs and defendant Sunset appeared at the trial de novo and waived jury trial. On April 20, 1984, the trial court "ordered, adjudged and decreed that the plaintiffs Charles and Louise Schneider recover of defendant Sunset ... the sum of $3,000, and that defendant Sunset['s] ... counterclaim be denied and that he have and recover nothing of plaintiffs Charles and Louise Schneider. Costs to be taxed against defendant." On July 27, 1984, the judgment was amended to add that "[t]he judgment entered on April 20, 1984 was against Sunset ... only and that Henry L. Olfe, personally was discharged from cause. This order is to dispose of all parties and all issues."

Defendant Sunset challenges the circuit court's jurisdiction in entering its judgment, and raises three additional points on appeal which we need not decide in view of the jurisdictional question presented.

■ It is a well-recognized principle that in order for a court to acquire jurisdiction to adjudicate, it must have jurisdiction of the subject matter, jurisdiction of the res or the parties, and jurisdiction to render a particular judgment in a particular case. *State v. Weinstein*, 306 S.W.2d 634, 636 (Mo.App.1957). A judgment entered in excess of or beyond the jurisdiction of the trial court is void and the court of appeals has no jurisdiction to review. *Yoder By Larsen v. Horton*, 678 S.W.2d 901, 904 (Mo.App.1984).

■ In the instant case, we find defendant Sunset was never before the circuit court. Although it attempted to intervene in the associate circuit court, its pleadings were stricken. The de novo appeal was taken solely by defendant Olfe. Plaintiffs' petition did not name defendant Sunset as a party, was not amended to do so and defendant Sunset's attempted intervention failed.

■ Plaintiffs argue that where a party makes an appearance and files an answer and counterclaim, the fact that the trial court strikes those pleadings does not destroy jurisdiction over the person. This may be true had defendant Sunset been named a party in plaintiffs' petition. Without such designation, defendant Sunset's pleadings, as stricken, were insufficient to invoke the jurisdiction of the circuit court on the trial de novo.

■ Plaintiffs argue additionally that although plaintiffs did not initially seek a judgment against Sunset the pleadings are deemed amended by the proof. Plaintiffs reliance on Rule 55.33(b) is misplaced. This rule provides for the amendment of issues in the pleadings to conform with matters not pleaded but tried by consent. This rule does not, however, allow a party, by express or implied consent, to amend its pleadings to acquire jurisdiction over a party not named in the action. The rule applies only to issues, not parties.

We find the trial court erred in entering judgment against defendant Sunset because the trial court had no jurisdiction over the corporation.

We dismiss for lack of jurisdiction in the trial court.

SIMON and GARY M. GAERTNER, JJ., concur.