**Dennis REED and David Reed, Petitioners–Appellants,**

v.

**Vicki LISZEWSKI, individually and as natural mother and guardian of Victor Liszewski, Defendants–Respondents.**

No. 64552.

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1994.

Alan S. Mandel and Todd A. Baker, St. Louis, for petitioners-appellants.

Beach, Burcke, Helfers & Waltrip, P.C., Robert A. Hutton, Jr., St. Louis, for defendants-respondents.

CRANDALL, Presiding Judge.

Petitioners, Dennis and David Reed, by and through their natural mother and next friend, Bonnie Reed, appeal from the judgment of the trial court dismissing their petition for declaration of paternity against respondents, Vicki Liszewski, individually and as the natural mother and guardian of Victor Liszewski. We affirm.

The petition filed in the instant action was styled "Petition for Declaration of Paternity Under UPA." It named as respondents Vicki Liszewski, individually and as the natural mother and guardian of Victor Liszewski. The petition alleged that Dennis and David Reed were the natural children of Paul Liszewski. It stated that Vicki Liszewski on behalf of her son, Victor Liszewski, along with two other plaintiffs, brought a wrongful death action against Union Electric Company, Colonel Day's, Inc., and Windsor Real Estate, Inc. for the death of Paul Liszewski. The petition averred that Dennis and David Reed were the natural children of Paul Liszewski and that they sought to join and intervene in the wrongful death action. As a prerequisite to joinder, it was necessary that they establish paternity. They therefore asked for a declaration that Paul Liszewski was the natural father of Dennis and David Reed.

Petitioners filed a motion for summary judgment on the issue of paternity. In support of their motion, they submitted several documents which purportedly established that Paul Liszewski was the natural and biological father of Dennis and David Reed. Respondents filed a motion to dismiss for failure to state a claim upon which relief could be granted. One of the grounds for dismissal raised by respondents was that petitioners named the wrong parties in their action for a declaration of paternity.

Petitioners' sole point on appeal is that the trial court erred in dismissing the action. Here, the petition specified that the action was being brought under the Uniform Parentage Act (UPA). See §§ 210.817–210.852, RSMo (Cum.Supp.1993). Section 210.830, RSMo (Cum.Supp.1993) of that act specifies the parties to an action brought under the UPA and provides in pertinent part:

The child shall be made a party to any action commenced under sections 210.817 to 210.852. If he is a minor, he may be represented by a next friend appointed for him for any such action.... The natural mother, each man presumed to be the father under section 210.822, and each man alleged to be the natural father, shall be made parties or, if not subject to the jurisdiction of the court, shall be given notice of

the action in a manner prescribed by the court and an opportunity to be heard....

In the action before us, petitioners named neither the alleged father, as § 210.830 sets forth, nor the estate of Paul Liszewski, as § 210.829, RSMo (Cum.Supp.1993) suggests.[1] The named respondents, Vicki Liszewski and Victor Liszewski, were not proper parties to a paternity action. Because of the defect in the pleading, the trial court did not err in dismissing the action for failure to state a claim. Petitioners' point on appeal is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.

---

1. Section 210.829.4, RSMo (Cum.Supp.1993) pertains to jurisdiction and venue and provides that actions brought under the UPA be brought in the county "in which the child resides, the mother resides, or the alleged father resides or is found or, if the father is deceased, in which proceedings for probate of his estate have been or could be commenced."