**Robert GARDNER and Bernadette A. Gardner, Plaintiffs/Appellants,**

v.

**CITY OF CAPE GIRARDEAU, Defendant/Respondent.**

**No. 65641.**

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 9, 1994.

Jonah T. Yates, Oliver, Oliver & Waltz, P.C., Cape Girardeau, for appellants.

Warren L. Wells, City Atty., Cape Girardeau, for respondent.

KAROHL, Judge.

Robert and Bernadette Gardner ("landowners") filed suit for "common law damage/inverse condemnation" against the City of Cape Girardeau ("City") for wrongful appropriation of their property because the City conducted a pre-condemnation survey. The trial court dismissed the petition with prejudice. However, it considered matters outside the pleadings. Landowners argue on appeal the trial court erred with respect to two points: 1) granting the City's motion to dismiss since the trial court treated the motion as a summary judgment and summary judgment was not authorized; and 2) denying landowners' request for leave to amend their petition filed after the dismissal. We affirm.

Landowners formerly owned a tract of land located immediately northwest of the intersection of Christine Street and Bloomfield Road on the east side of the Cape LaCroix Creek in Cape Girardeau, Missouri. A fully occupied office building owned by landowners was situated on the property.

The City sought to condemn a portion of landowners' property for the purpose of rebuilding a bridge and changing a road grade. In November, 1989, the City began its pre-condemnation process which consisted of marking right-of-way boundary lines with orange spray paint and placing survey stakes flagged with orange tape behind landowners' building.

The condemnation case proceeded to the circuit court where the court appointed commissioners entered their award. On March 29, 1991, the City paid the award to the court, marking the official date of taking. The City condemned a portion of landowners' property lying west of the building and extending to the creek; however, it did not condemn the office building. A jury heard the condemnation case on the issue of damages and rendered a verdict in the amount of $75,000 on October 16, 1992. A judgment on the verdict was not appealed. On January 8, 1993, landowners sold the remainder of property, including the office building.

On June 18, 1993, landowners filed a petition against the City for "common law damage/inverse condemnation". Landowners allege the City's pre-condemnation survey constituted a "wrongful taking" of their property, namely the office building, because it became "unrentable" due to the loss of tenants and the inability of landowners to secure new tenants. On January 11, 1994, the City filed a motion to dismiss based on the following grounds: 1) the claim was barred by res judicata or collateral estoppel; 2) the petition did not state a cause of action for which relief could be granted; 3) the action was moot; and, 4) landowners failed to join all necessary and proper parties. By agreement of both parties, the motion to dismiss was heard on January 27, 1994. The trial court granted the City's motion to dismiss on January 28, 1994. On February 4, 1994, landowners filed a motion to withdraw the order of dismissal

and for leave to file a first amended petition. The trial court denied the motion.

On their first point, landowners contend the trial court erred in granting the City's motion to dismiss because the court treated the motion as a summary judgment.

■ A motion to dismiss is ordinarily confined to the pleadings and construed in the light favorable to the plaintiff. *Counts v. Morrison–Knudsen, Inc*, 663 S.W.2d 357, 363 (Mo.App.1983). However when matters outside the pleadings are considered and not excluded by the court, the court shall treat a motion to dismiss as a motion for summary judgment. *Id.;* Rule 55.27(b). Furthermore, all parties must be given notice and a reasonable opportunity to present relevant material for a motion for summary judgment. *Id.;* Rule 55.27(b).

■ We hold landowners failed to state a cause of action for which relief could be granted. Our supreme court has held initial condemnation proceedings and pre-condemnation surveys are part of the eminent domain process and are considered neither a "taking nor damaging" within the meaning of the Missouri Constitution, Art. I, § 26. *State ex rel. Washington University v. Gaertner,* 626 S.W.2d 373, 376 (Mo. banc 1982); *State ex rel. Rhodes v. Crouch,* 621 S.W.2d 47, 48 (Mo. banc 1981). "It is not unusual for a long time to elapse between the time an area is threatened with condemnation or declared blighted and the time when the property is taken. Often during this period, the land plummets in value." *State ex rel. Highway Commission v. Edelen,* 872 S.W.2d 551, 558 (Mo.App.E.D.1994). There is no procedure under Missouri condemnation law to compensate the landowner for the diminution of value in his property. *State ex rel. Washington University Medical Center Redevelopment Corp. v. Gaertner,* 626 S.W.2d 373, 376 (Mo. banc 1982).

■ We also find the trial court did not confine itself to the face of the petition, but rather treated the motion as a request for summary judgment. The trial court considered and took judicial notice of Jury Instruction No. 5 and the circuit court records, both emanating from the previous condemnation

case. Further, the parties presented and defended the motion to dismiss as a motion for summary judgment. At the hearing, landowners did not object to the admission of the jury instruction and the circuit court records in support of the motion, nor did they request an opportunity to submit evidence. The trial court's acceptance and consideration of this evidence, in essence, transformed the motion to dismiss into one of summary judgment.

We review a summary judgment in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). The nonmovant is entitled to the benefit of all reasonable inferences from the record. *Id.*

■ The City argues landowners' petition for damages is barred by the doctrine of collateral estoppel or res judicata because the matter has previously been litigated. Collateral estoppel precludes relitigation of an issue by the same parties or those in privity. *Atlanta Casualty Co. v. Stephens,* 825 S.W.2d 330, 334 (Mo.App.1992). We consider the following in determining whether collateral estoppel applies: 1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; 2) whether the prior adjudication resulted in a judgment on the merits; 3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and, 4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue. *Id.*

■ In the present case, landowners seek damages against the City for diminution of value to their commercial property. In the condemnation case, landowners brought a counterclaim alleging the same damages resulting from the City's pre-condemnation survey. Although the counterclaim was properly dismissed pursuant to Missouri statutes, the issue of damages to landowner's real estate as a whole on the same site arising from the City's pre-condemnation survey was considered by a jury and adjudicated on the merits.

In a partial condemnation case, the appropriate measure of damages is the difference between the fair market value of the *whole property before* the taking and the fair market value of the *remaining property after* the taking. (Our emphasis). *State ex rel. Missouri Highway and Transportation Commission v. Edelen,* 872 S.W.2d 551, 556 (Mo. App.E.D.1994); *State ex rel. State Highway Commission of Missouri v. Select Properties Inc.,* 612 S.W.2d 866, 869 (Mo.App.1981).

Here, the condemnation case determined the issue of all damages. The City condemned a portion of landowners' property lying west of the building and extending to the creek. It did not condemn the remainder of the land, which included the office building. The jury was instructed in the condemnation case to consider the issue of pre-condemnation damages affecting the remainder of the land. Jury Instruction No. 5 states the following:

> You must award defendants such sum as you believe was the difference between the fair market value of defendants' *whole* property immediately before the taking on March 29, 1991, and the value of defendants' remaining property immediately after such taking, which difference in value is the direct result of the taking and of the uses which plaintiff has the right to make of the property taken. (Our emphasis).

This instruction directly addresses the issue of damages alleged by landowners in the present case. We conclude landowners had a full and fair opportunity to litigate the issue of damages resulting from the City's pre-condemnation survey in the prior case, thus the issue would be barred by collateral estoppel.

■ Landowners' inverse condemnation claim would also be barred by the doctrine of res judicata. Four elements must be satisfied for res judicata: 1) identity of the thing sued for; 2) identity of the cause of action; 3) identity of the persons and parties to the action; and, 4) identity of the quality of the person for or against whom the claim is made. *King General Contractors v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 501 (Mo. banc 1991).

The distinction between collateral estoppel and res judicata is that the former applies only to issues previously litigated; however, res judicata applies to every point related to the subject matter, including those which might have been brought forward at the time. *Id.* at 501.

Landowners seek damages for the devaluation of an office building due to the City's pre-condemnation survey. They allege the orange paint and survey stakes flagged with orange tape placed near the office building caused tenants to vacate the building and remain "unrentable". They contend the City's actions constituted a "wrongful taking" of their property.

The City and landowners are the same parties as the previous case. Despite the trial court's dismissal of the counterclaim in the condemnation case, the subject matter regarding the alleged damage caused by the City's pre-condemnation survey was addressed and adjudicated on the merits of the petition. Therefore, landowners' present claim would be barred by res judicata. Point denied.

On their second point, landowners contend the trial court erred in denying them leave to amend their first amended petition.

A party does not have an absolute right to file a first amended petition. *Baker v. City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App.1984). The purpose of an amendment is to allow a party to present evidence that was overlooked or unknown at the time the original pleading was filed but without change in the original cause of action. *Id.* The trial court has discretion to grant leave to amend and its judgment will not be disturbed on appeal unless there is a showing that the court abused its discretion. *Id.*

Here, landowners offered no factual allegations "overlooked or unknown" at the time of the previous condemnation case. The issue of damages with regard to the City's pre-condemnation survey has been tried by a jury in the condemnation case. It would serve no purpose to allow an amendment where plaintiffs could not state a new cause of action. Point two is denied.

We affirm.

AHRENS, P.J., and SIMON, J., concur.