Kelli **RICHIE, a minor, By and Through her Next Friend and Mother, Denice RICHIE, and Denice Richie, Petitioners–Appellants,**

v.

**Michael LAUSUSE, Respondent,**

and

**Valiere Laususe, individually and as Next Friend for Ashley Laususe, Intervenors–Respondents.**

No. 65265.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 27, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1995.

Application to Transfer Denied March 21, 1995.

747

Michael D. Stokes, Christine A. Gilsinan, Devereaux, Stokes & Nolan, P.C., St. Louis, Ronald F. Borgmann, Spilker & Borgmann, P.C., Clayton, for petitioners-appellants.

Mark J. Bremer, Lori J. Baskins, Kohn, Shands, Elbert, Gianoulakis & Giljum, St. Louis, for intervenors-respondents.

SIMON, Judge.

Plaintiffs, Kelli Richie (Kelli), by her mother and next friend Denice Richie (Denice), appeal the grant of a motion by intervenors, Valiere Laususe (Wife) individually and for her daughter Ashley Laususe (Ashley), to dismiss the petition for paternity against Michael Laususe (decedent).

On appeal, plaintiffs contend that the trial court erred in (1) granting intervenors' motion to intervene in plaintiffs' paternity action because intervenors are not entitled to intervene pursuant to Rule 52.12(a); (2) sustaining intervenors' motion to dismiss plaintiffs' petition for determination of father-child relationship because intervenors had no standing and there was no legally sufficient basis to support the order of dismissal; and (3) granting intervenors' motion to intervene because it failed to state a claim upon which relief could be granted. Appeal dismissed.

The record indicates that decedent died on March 3, 1988, following an automobile accident. He was survived by intervenors, Wife and their minor daughter, Ashley. On February 7, 1991, intervenors filed a wrongful death action. After a settlement of the wrongful death action was negotiated, but prior to the trial court's approval, plaintiffs filed entries of appearance in the wrongful death action claiming entitlement to the settlement proceeds. On August 24, 1993, plaintiffs filed a petition for determination of paternity naming the decedent as the sole defendant. Plaintiffs allege that decedent was the natural father of Kelli, born on December 28, 1986; he had acknowledged his paternity of Kelli; and they are entitled to a determination of the existence of a father-child relationship between Kelli and decedent. On September 2, 1993, Wife filed a motion to intervene pursuant to Rule 52.12 claiming that she is the widow of decedent and that Ashley is their legitimate minor daughter. She further claims that she and Ashley are interested parties in the paternity action because their interests are not represented adequately by the existing parties and because a determination of paternity between Kelli and decedent would diminish the apportionment of proceeds in their wrongful death settlement. On September 27, 1993, plaintiffs and Richard and Corrine Laususe, the parents of decedent, filed a first amended petition which additionally alleged that their action was brought within the period of limitations established by Missouri's Uniform Parentage Act (UPA) in § 210.828.1, R.S.Mo. Cum.Supp.1993 (all further references to the UPA shall be to R.S.Mo.Cum.Supp.1993).

On October 13, 1993, intervenors filed their motion to dismiss pursuant to Rule 55.27(a)(1), (2), (4), (5), (6), (7), and (9); for judgment on the pleadings pursuant to Rule 55.27(b); and for summary judgment pursuant to Rule 74.04. In their motion to dismiss, intervenors, based on their counsel's affidavit, assert that plaintiffs never sought letters of administration nor did they ever apply to the Probate Court for appointment of a personal representative. Additionally, in an affidavit, Wife states that, before her husband's death, Denice telephoned her and indicated that Kelli was not decedent's child.

On the same day, intervenors filed a brief in support of their motion to intervene, to dismiss plaintiffs' cause of action, for judgment on plaintiffs' pleadings and for summary judgment. First, intervenors claimed that a motion to intervene should be granted because they have a statutory right to intervene, pursuant to Rule 52.12(a)(2), and that their interest in the wrongful death suit is subject to a determination of Kelli's paternity. Second, intervenors alleged that an action against a deceased party as the sole named defendant must be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, lack of a summonable defendant, and failure to state a claim upon which relief can be granted. Third, intervenors stated that plaintiffs' action was barred by the statutes of limitations in Missouri's Probate Code, § 473.360.3, R.S.Mo.1986 (all further statutory references other than to the UPA shall be to R.S.Mo.1986); Missouri's Code of Civil Procedure, § 507.100.1(3); and Missouri's Wrongful Death Act, § 537.100.

On October 21, 1993, plaintiffs responded, arguing that Wife and Ashley are not proper parties to the action and therefore have no standing to intervene and that the UPA's eighteen-year statute of limitations, § 210.828, is applicable to this paternity action.

Subsequently, the trial court granted the motion to intervene and dismissed plaintiffs' petition. In granting intervenors' motion to dismiss, the trial court did not reveal the basis for its ruling. Accordingly, we presume the court based its decision on the grounds stated in intervenors' motion to dismiss. *Patterson v. Meramec Valley R–III Sch. Dist.*, 864 S.W.2d 14, 15 (Mo.App.E.D. 1993). In reviewing a dismissal on the pleadings, we treat all facts alleged in plaintiffs' petition as true, and construe all allegations in their favor. *Id.*

However, it is our duty to determine at the outset whether we have jurisdiction. *See Goodwin v. Blair*, 838 S.W.2d 523 (Mo.App. E.D.1992). We find that the trial court lacked jurisdiction to adjudicate, and because our jurisdiction derives from that of the trial court, we also lack jurisdiction and must dismiss the appeal. *City of St. Peters v.*

*Department of Natural Resources,* 797 S.W.2d 514, 517[3] (Mo.App.1990).

Here, decedent is the sole named defendant, and it is basic that the capacity to be sued exists only in persons in being and a suit filed against a dead person does not invoke the jurisdiction of the court. *Taylor v. Coe*, 675 S.W.2d 148, 152[9] (Mo.App.1984). *See also* 59 Am.Jur.2d Parties § 42 (1987); 67A C.J.S. Parties § 41 (1978).

According to plaintiffs, they are required to make decedent a party and, because he is "not subject to the jurisdiction of the court," the trial court has a duty to prescribe the manner of notice to decedent. To support this contention, plaintiffs cite UPA § 210.830, which reads in pertinent part:

> The natural mother, each man presumed to be the father ..., and each man alleged to be the natural father, shall be made parties or, if not subject to the jurisdiction of the court, shall be given notice of the action in a manner prescribed by the court and an opportunity to be heard.

We do not interpret the language, "not subject to the jurisdiction of the court," to be directed to a person not in being. Reading UPA § 210.830 in the context of the entire act, it is clear that the language in question concerns notice to a person in being outside the territorial jurisdiction of the court, particularly in light of UPA § 210.829.2 and .3, which provide the methods for acquiring personal jurisdiction of an out-of-state defendant. It would be absurd to interpret the statute to mean that the trial court must provide notice and an opportunity to be heard to decedent.

The trial court lacked personal jurisdiction over decedent; therefore, it could not proceed in the matter. *See Schneider v. Sunset Pools of St. Louis, Inc.*, 700 S.W.2d 137, 138[1] (Mo.App.1985).

Appeal dismissed.

AHRENS, P.J., and KAROHL, J., concur.