Summer Nicole JONES, b/n/f Margaret Barker, Plaintiff–Appellant,

v.

Sheila Ann JONES (SCOGGINS),
Defendant–Respondent.

No. 19529.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 24, 1995.

* *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Cheryl Capages Lipscomb, Springfield, for appellant.

Leanna L. Bennett, Springfield, for respondent.

PARRISH, Judge.

Summer Nicole Jones, by her next friend, Margaret Barker, appeals the denial of her petition to establish paternity. This court reverses and remands with directions that the trial court enter judgment declaring that Larry Darnell Martin was the biological father of Summer Nicole Jones and ordering the Bureau of Vital Statistics of the Missouri Department of Health to prepare an amended birth certificate for Summer Nicole Jones showing Larry Darnell Martin as her father and Sheila Ann Jones as her mother.

Summer Nicole Jones (Summer) brought this action, by her next friend Margaret Barker, seeking determination of the relationship of father and child between Larry Darnell Martin, deceased, and Summer. Summer's petition alleged that she was born July 10, 1979, in Springfield, Missouri; that respondent[1] is her mother and her father was Larry Darnell Martin who died March 10, 1993. Mr. Martin was a resident of Greene County, Missouri, at the time of his death. He and respondent were living together in Springfield.

There were two witnesses, Margaret Barker, Summer's next friend and mother of Larry Darnell Martin, and respondent. Mrs. Barker testified that her son always acknowledged Summer as his daughter. Summer was listed as Larry Darnell Martin's daughter in his obituary and in the program distributed at his funeral. Mr. Martin's family, including his widow, prepared the text used in those documents. Copies of the documents were admitted in evidence.

Mrs. Barker identified pictures of Summer with Mr. Martin. The pictures were taken when Summer visited the Martin family in July 1991. They were admitted in evidence. There was testimony that Mr. Martin was almost seven feet tall. Summer, when she was fourteen years old, was about six feet, two inches tall.

Respondent testified that she is Summer's mother and Larry Darnell Martin was Summer's biological father. She told the trial court that she had sexual intercourse with Mr. Martin, and no one else, during the 12 months preceding Summer's birth. She stated that he was a black man and that Summer had the racial characteristics of a black person.[2]

At the conclusion of the evidence, the case was taken under advisement. Two weeks later the trial court entered judgment denying the petition.

Summer presents two points on appeal. This opinion addresses only one of those points as it is dispositive. It asserts the trial court's denial of the petition was erroneous because it is not supported by substantial evidence.

■ As this case was tried without a jury, this court reviews it pursuant to dictates of Rule 73.01. The decision of the trial court must be affirmed unless it is not supported by substantial evidence, is contrary to the weight of the evidence, or unless the trial court erroneously declared or applied the law. *Epperson v. Director of Revenue*, 841 S.W.2d 252, 254 (Mo.App.1992).

■ In applying this standard of review, this court gives due regard to the trial court's opportunity to judge the credibility of witnesses. Rule 73.01(c)(2). If there is conflicting evidence, this court will defer to the trial court's determination. *Carter v. Schilb*, 877 S.W.2d 665, 667 (Mo.App.1994); *Straeter*

---

1. Respondent was the sole defendant named in the petition Summer filed in the Circuit Court of Greene County, Missouri. Unlike in *Richie, by Richie v. Laususe*, 892 S.W.2d 746 (Mo.App.E.D. 1994), Summer's action was not subject to dismissal for naming a "person not in being" as defendant. *Id.*, at 748.

2. We infer that respondent is caucasian.

*Distributing, Inc. v. Fry–Wagner Moving & Storage Co., Inc.,* 862 S.W.2d 415, 418 (Mo. App.1993). However, when the facts are not controverted or the case involves admitted facts, or where the evidence is not in conflict, there is no deference due the trial court's judgment. *Cushman v. Mutton Hollow Land Development, Inc.,* 782 S.W.2d 150, 152 (Mo.App.1990).

■ There was no conflicting evidence in this case. All evidence corroborated the claimed parent-child relationship of Larry Darnell Martin and Summer. The action to determine the existence of the father and child relationship was brought by Summer as permitted by § 210.826.3.[3] Mr. Martin was a resident of Greene County at the time of his death; therefore, had his estate been subject to probate, Greene County would have been the appropriate probate venue. § 473.010.1(1), RSMo 1986. A paternity action may be brought in the county in which the proceedings for probate of a deceased putative father's estate could have been commenced. § 210.829.4.

There was no substantial evidence to support denial of the petition; the evidence of Mr. Martin's paternity of Summer was substantial and unrefuted. The judgment the trial court entered was contrary to all evidence presented. The judgment is reversed. The case is remanded and the trial court is directed to enter judgment declaring that Larry Darnell Martin was the biological father of Summer Nicole Jones and ordering the Bureau of Vital Statistics of the Missouri Department of Health to prepare an amended birth certificate for Summer Nicole Jones showing Larry Darnell Martin as her father and Sheila Ann Jones as her mother.

As no personal representative or defendant ad litem for Larry Darnell Martin was a party to this case, this court expresses no opinion regarding whether the determination of father-child relationship, adjudged herein, between Mr. Martin and Summer is binding on any person or persons who would stand in the position of heirs of Larry Darnell Martin had there been probate of his estate.

GARRISON, P.J., and CROW, J., concur.

---

3. References to statutes are to RSMo Supp.1993    unless stated otherwise.