Carl Ray ROBERTS, Appellant,

v.

Linda J. ROBERTS, Respondent.

No. 68590.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 16, 1996.

Jeffrey A. Robertson, Troy, for appellant.

Eugene O. Howard, Daniel & Fleming, L.C., Clayton, for respondent.

SIMON, Judge.

Carl Ray Roberts, Jr., husband, appeals an order dissolving his marriage to Linda Roberts, wife, in which the trial court found that he was not the father of A.R., a child born during the marriage.

On appeal, husband contends that the trial court erred in failing to equitably estop wife from denying that he is A.R.'s father. We affirm in part, reverse and remand in part.

We shall affirm the trial court's judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 [1–3] (Mo. banc 1976).

The record reveals that husband and wife were married on August 23, 1986, and that one child, A.R., was born during the marriage on October 11, 1988. Prior to A.R.'s birth, husband and wife were separated and remained so throughout most of the marriage. During this separation, wife became involved in a relationship with Matthew Smith (Smith), and in approximately November or December of 1987, he began living with wife. Wife and Smith had sexual intercourse during this period. Husband contends that he also had sexual intercourse with wife during this period, which wife denies. Smith moved out of wife's residence on March 13, 1988. Wife contends that while she was pregnant, she told husband that Smith was the father.

Wife contends that when A.R. was born, she placed husband's name on A.R.'s birth certificate as his father to protect the child from Smith who had allegedly made threats against wife and A.R. After A.R.'s birth, husband maintained contact with him and took care of him on weekends, while making cash payments to wife to help provide for the child.

In December of 1989, husband was incarcerated in the Missouri Department of Corrections for approximately eighteen months. During this time, husband sent cards and gifts to A.R. Upon his release from prison, husband continued to visit A.R. and had temporary custody of him on an alternating weekends basis through August of 1992. From August, 1992 until January 1, 1993, A.R. remained in the custody of husband while wife resolved some personal problems she was having.

On February 1, 1993, husband filed a petition for dissolution of the parties' marriage. Responding, wife filed an answer which denied that husband was A.R.'s father. On June 29, 1993, wife filed a motion for appointment of a guardian ad litem for A.R., and a motion to compel blood tests. The trial court granted wife's motions, appointed Edward Grewach (Grewach) as guardian ad litem, and ordered wife, husband, and A.R. to submit to blood tests. The results of the blood tests are not part of the record on appeal, but wife argues that the tests indicated that husband was not the natural father of A.R.

On May 16, 1994, Grewach filed a third-party petition against Smith asking the court to determine the paternity of A.R. Upon learning that Smith had died, Grewach dismissed without prejudice the third-party petition on June 6, 1994. On June 13, 1994, wife filed a motion for appointment of next friend, seeking to have herself appointed as next friend for A.R. for the purpose of pursuing a declaration of non-paternity, and a mo-

tion to discharge Grewach as guardian ad litem, contending that A.R. was being represented by wife as next friend pursuant to § 210.830 RSMo, 1994 of the Uniform Parentage Act (UPA) (all further references shall be to RSMo.1994 unless otherwise noted). The motions were granted.

Subsequently, wife filed a first amended cross-petition for dissolution of marriage and declaration of non-paternity, alleging that Smith was the natural father of A.R., and that Smith died on December 31, 1993. In his answer to wife's first amended petition, husband admits the birth of A.R. during the marriage, but denies the allegation that Smith is the natural father of A.R. On May 15, 1995, the trial court entered its order dissolving the parties' marriage and declaring that A.R. is the child of wife only.

■ Husband appeals only the portion of the judgment regarding A.R.'s paternity, and contends that the trial court erred in not equitably estopping wife from denying he is A.R.'s natural father. In any event, it is our duty to determine *sua sponte* whether this court has jurisdiction, even though the issue has not been raised by either party. *Rouse Co. of Missouri v. Justin's, Inc.*, 883 S.W.2d 525, 528 [3] (Mo.App.1994).

■ Generally, the UPA is the exclusive method for determining paternity in Missouri. *P.L.K. v. D.R.K.*, 852 S.W.2d 366, 368 (Mo.App.1993); *but see In re Nocita*, 914 S.W.2d 358 (Mo.banc 1996). Clearly, the declaration that A.R. was not the child of this marriage is not in A.R.'s best interest, which the UPA was designed to protect. *See State ex rel. Ford v. Wenskay*, 824 S.W.2d 99, 100 [2–4] (Mo.App.1992). Under § 210.829.1 of the UPA, an action to determine the paternity or non-paternity of a man presumed to be the child's father can be brought in conjunction with a dissolution proceeding. § 210.829.1; *see also* § 210.826.1. Furthermore, § 210.830 provides who shall be made a party to an action brought under the UPA:

> The natural mother, each man presumed to be the father under section 210.822, and each man alleged to be the natural father, shall be made parties or, if not subject to the jurisdiction of the court, shall be given notice of the action in a manner prescribed by the court and an opportunity to be heard.

Furthermore, § 210.829.4 provides in pertinent part;

> An action brought under sections 210.817 to 210.852 may be brought in the county in which the child resides, the mother resides, or the alleged father resides or is found or, if the father is deceased, in which proceedings for probate of his estate have been or could be commenced.

■ Here, wife's declaration for non-paternity is contained in her first amended cross-petition for dissolution as allowed under § 210.829.1, and she was appointed A.R.'s next friend pursuant to § 210.830. In her petition, wife alleges that Smith is the natural father of A.R., and that he died on December 31, 1993. Therefore, since respondent did not name Smith as a party, as § 210.830 sets forth, nor his estate, as § 210.829.4 suggests, her petition has failed to name proper parties in the declaration for non-paternity. *Reed v. Liszewski*, 873 S.W.2d 942, 942–43 (Mo.App.1994); however, *see also Richie By and Through Richie v. Laususe*, 892 S.W.2d 746, 748[2] (Mo.App. 1994). Therefore, wife's action for non-paternity did not join the necessary party or parties as required by § 210.817 *et seq.* Since the UPA's procedures were not followed, this case must be remanded as to the determination of non-paternity. *See* § 210.817 *et seq.*

As a result, we reverse the judgment as to the declaration of non-paternity, and affirm the judgment in all other respects. The case is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part, reversed in part and remanded.

PUDLOWSKI, P.J., and HOFF, J., concur.