**Dereck TRAVIS, Deceased by Pearl Travis, Appellant,**

v.

**CONTICO INTERNATIONAL, INC., Respondent.**

No. 69453.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 6, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 9, 1996.

**In re the Matter of H.M.G., a Minor.**

**D.E.B. & R.M.B., Respondents,**

v.

**A.M.G., Appellant.**

No. 68917.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 6, 1996.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

*ORDER*

Thomas P. Traube, St. Louis, for appellant.

Nanci Miller Hays, John Scott Wallach, Maurice Dennis Early, St. Louis, for respondent.

DOWD, Judge.

Pearl Travis appeals from an award of the Labor and Industrial Relations Commission ("Commission") denying her death benefits. We reverse and remand for rehearing.

On November 12, 1991, Dereck Travis ("Decedent") was killed in a work-related accident. Following his death, Susan McClain, on behalf of her two minor children, and Pearl Travis, Decedent's mother ("Travis"), filed claims for death benefits with the Division of Workers' Compensation.[1] During the dependency hearing before an Administrative Law Judge (ALJ), the children offered as evidence certified copies of an order of paternity from the St. Louis Circuit Court, which established Decedent as the father of the children.[2] During the hearing, Travis attacked the order on the ground that the circuit court had not acquired jurisdiction over the alleged father (Decedent), who is a necessary party to a Uniform Parentage Act, §§ 210.817–.852 Cum.Supp.1996 ("UPA"), proceeding.

The record of the order showed that the circuit court had appointed a defendant ad litem to represent Decedent under the authority of § 537.021, RSMo 1994. The ALJ held a defendant ad litem was an inappropriate party to represent Decedent; and therefore, the court failed to attain binding jurisdiction over him. After weighing the evidence of the competing claims, the ALJ found that Travis was a partial dependent of Decedent and awarded her death benefits to the exclusion of the children. The children appealed the decision of the ALJ to the Commission.

The Commission reversed the ALJ. It concluded that the order of paternity was dispositive as to the children's dependency on Decedent and awarded them death benefits. The Commission recognized that the UPA fails to authorize a specific party to represent a deceased putative father.[3] The Commission concluded that the circuit court's use of a defendant ad litem sufficiently represented Decedent's interests during the paternity proceedings, at least to save the order from being *void ab initio* for lack of jurisdiction. Travis appeals the ruling of the Commission.

■ Our scope of review is limited to the decision of the Commission, and we shall review only questions of law. § 287.495, RSMo 1994. We "may modify, reverse, remand for rehearing or set aside the award of the Commission only if the Commission's actions were unauthorized by law or in excess of its authority, fraudulent, unsupported by the facts as found by the Commission, or unsupported by competent evidence." *Ludwinski v. National Courier*, 873 S.W.2d 890, 891–92 (Mo.App. E.D.1994).

On appeal, Travis again asserts that the order of paternity was void on its face for lack of personal jurisdiction because a party unauthorized by law represented Decedent. Therefore, she argues, the Commission erred by finding the order conclusive as to the children's dependency.

■ As a threshold question, we must address the right of Travis to challenge the order of paternity in a collateral proceeding. As a general rule, the validity of a judgment may only be impeached in an action by a formal appeal, "the sole object of which is to deny and disprove" the judgment. *In re Marriage of Caby*, 825 S.W.2d 56, 59 (Mo. App.S.D.1992). Collateral attacks, by contrast, are attempts "to impeach a judgment in a proceeding not instituted for the express purpose of annulling the judgment" and are prohibited. *Id.* In the case at bar, no formal appeal from the order of paternity was brought; and therefore, Travis' challenge to its validity in the administrative hearing constitutes a collateral attack.

■ The rule prohibiting collateral attacks does not apply, however, when a judgment is void. *Caruthersville School Dist.*

1. Pursuant to § 287.240, RSMo 1994, if the children were found to be dependents of Decedent, they would receive death benefits to the exclusion of any other dependents.

2. Under § 287.240, RSMo 1994, a child of a deceased employee is "conclusively presumed to be totally dependent for support" upon said employee.

3. We note, however, that the UPA does authorize a personal representative of a deceased alleged father to bring an action for paternity. § 210.826.3, RSMo Cum.Supp.1996.

*No. 18 v. Latshaw*, 360 Mo. 1211, 233 S.W.2d 6, 9 (1950). "[A] judgment which is void on the face of the record is entitled to no respect, and may be impeached at any time *in any proceeding* in which it is sought to be enforced or in which its validity is questioned by anyone with whose rights or interests it conflicts." *La Presto v. La Presto*, 285 S.W.2d 568, 570 (Mo.1955) (emphasis added). If a judgment is void, a legal nullity, then an administrative body is prohibited from giving it any legal effect. *See Liechty v. Kansas City Bridge Co.*, 162 S.W.2d 275, 279 (Mo. 1942); *Mikel v. Pott Industries/St. Louis Ship*, 896 S.W.2d 624, 626 (Mo. banc 1995). To save a judgment from being void, the issuing court must have "jurisdiction of the subject matter, jurisdiction of the res or the parties, and jurisdiction to render a particular judgment in a particular case." *Schneider v. Sunset Pools of St. Louis, Inc.*, 700 S.W.2d 137, 138 (Mo.App.E.D.1985).

Next, we must consider whether or not the appointment of a defendant ad litem rendered the order of paternity void. In order to have a paternity order bind an alleged putative father, the court must gain personal jurisdiction over him. *Richie v. Laususe*, 892 S.W.2d 746 (Mo.App. E.D. 1994). In *Richie*, plaintiffs filed an action for paternity naming the deceased putative father as the sole defendant. The wife and legitimate daughter of the decedent filed a motion to dismiss, asserting, *inter alia*, plaintiffs had failed to have a personal representative of decedent appointed; and therefore, the court lacked jurisdiction over him. *Id.* at 747. Upholding the dismissal of plaintiffs' claims, this court explained that "the capacity to be sued exists only in persons in being and a suit filed against a dead person does not invoke the jurisdiction of the court." *Id.* at 748. Thus, because "the trial court lacked personal jurisdiction over decedent ... it could not proceed in the matter." *Id.*

A deceased putative father, therefore, cannot be a party to a paternity action. Instead, he may only be represented by a party authorized by law. When that authority exists, the representative stands in the place of the represented person, and any judgment rendered against the representa-tive is also binding against the represented party. *See* Restatement (Second) of Judgments § 41 (1982).

In this case, the circuit court relied on § 537.021, RSMo 1994, as authority for appointing a defendant ad litem to represent a deceased putative father in a paternity action. However, the scope of § 537.021 is narrow and in no way authorizes a defendant ad litem to represent a decedent in a paterni-ty action. Section 537.021 authorizes the appointment of a defendant ad litem only in actions for damages in which the real party in interest is a deceased wrongdoer's liability insurer. *See McConnell v. Kelly*, 860 S.W.2d 362 (Mo.App. E.D.1993).

Instead, the proper party to rep-resent a deceased putative father against an action for paternity is the personal represen-tative of the decedent's estate. *See Reed v. Liszewski*, 873 S.W.2d 942, 943 (Mo.App. E.D.1994). Therefore, because a defendant ad litem, instead of a personal representa-tive, was appointed to represent Decedent's interests, we find the circuit court was with-out jurisdiction, rendering the order of pater-nity void. We find that the Commission erred by considering evidence that in fact did not exist.

We reverse and remand for a rehearing consistent with this opinion.

CRANDALL, J., *concurs in opinion of* DOWD, J.

CRAHAN, P.J., *concurs and files separate concurring opinion.*

CRAHAN, Presiding Judge, concurring.

I fully concur in Judge Dowd's opinion. However, I would add the observation that nothing in the opinion precludes the Commis-sion on remand from granting a continuance to permit the children to bring a proper proceeding for a determination of paternity. In view of the statute's express preference for the payment of death benefits to depen-dent children to the exclusion of any other dependents, such action by the Commission

would appear to be entirely in order under the circumstances.