### In re the MARRIAGE OF James JOHNSON.

**Dorothy JOHNSON, Respondent,**

v.

**Virginia JOHNSON, Appellant.**

No. 70562.

Missouri Court of Appeals, Eastern District, Division One.

May 13, 1997.

Rehearing Denied July 14, 1997.

Joe D. Jacobsen, Green, Schaaf & Margo, P.C., Martin M. Green, Clayton, for appellant.

M. Deborah Benoit, Susman, Schermer, Rimmel & Shifrin, Clayton, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Virginia Johnson ("second wife"), appeals the judgment of the Circuit Court of the City of St. Louis granting the motion of respondent, Dorothy Johnson ("first wife"), to set aside the decree dissolving first wife's marriage to James Johnson ("husband"). The trial court did not have personal jurisdiction over first wife's motion and its judgment was therefore void. As our jurisdiction derives from that of the trial court, we likewise lack jurisdiction and must dismiss the appeal.

The record on appeal shows the following. First wife and husband married in March of 1971 and separated in October of that same year. On December 25, 1979, husband purported to marry second wife. On March 10, 1980, husband filed a Petition for Dissolution of his marriage to first wife. This petition was never served on first wife.

In his petition for dissolution, husband alleged first wife's whereabouts were unknown to him. Along with the petition, husband filed both an Application for an Order of Publication and a Motion for Service by Publication. In his application, husband stated it was his "best information and belief" that first wife had "absented herself from her normal place of abode[,]" and despite his "best efforts" which "included writing to her

last known address," husband was "unable to locate her so that the ordinary process of law cannot be served upon her." Husband signed an accompanying affidavit to this effect. In his motion, husband moved for an order of service by publication on the grounds he was unable to locate first wife, her address was unknown, and neither personal service nor service by mail could be obtained.

On April 29, 1980, the trial court issued both an Order for Service by Publication of Notice, and a Notice upon Order for Service by Publication. On June 19, 1980, an Affidavit of Publication was filed in the trial court, in which an editor for the St. Louis Daily Record swore the above Notice upon Order for Service by Publication had been published weekly for four consecutive weeks, beginning May 2, 1980, and ending May 23, 1980. On July 17, 1980, the trial court entered a default judgment dissolving husband's marriage to first wife.

Husband died on October 7, 1985. The death certificate lists "Virginia Mitchell" (second wife) as the surviving spouse, and identifies the informant as "Mrs. Virginia Johnson." The case history sheet for husband's estate, provided in the record on appeal, lists second wife as husband's personal representative.

On October 16, 1995, ten years after husband's death, first wife filed a Motion to Set Aside the Decree of Dissolution of Marriage pursuant to Rule 74.06. In her motion, first wife alleged husband obtained the decree "by fraud," because it was "based upon a false affidavit and a false Request For Service by Publication[,]" and therefore the decree was void. The motion was styled, "IN RE THE MARRIAGE OF: JAMES JOHNSON, Petitioner, and DOROTHY JOHNSON, Respondent." Second wife was not named in the motion, nor was the motion served on her.

After two continuances, the trial court held an evidentiary hearing on first wife's motion to set aside on March 5, 1996. On that date, second wife filed both a Motion to Intervene and a Motion of Intervenor to Dismiss the Motion to Set Aside Decree of Dissolution. In her motion to intervene, filed pursuant to Rule 52.12(a)(2), second wife claimed, "If the Decree is set aside, it may adversely affect [second wife]'s status as the widow of [husband] and the property interests which she obtained during her marriage to [husband] and upon his death." In her motion to dismiss, second wife alleged the trial court lacked jurisdiction because (1) the motion to set aside had not been served on the other party to the judgment (husband), as required under Rule 74.06(c); (2) the trial court's jurisdiction over the dissolution of husband's and first wife's marriage abated upon husband's death; and (3) first wife's motion was time-barred.

At the outset of the hearing, counsel for second wife stated, ". . . [W]e do not represent the deceased." The trial court noted that husband, himself, was not represented at the hearing: "James Johnson is neither in person being deceased nor is here by counsel." The court then heard arguments on second wife's motion to intervene. The following colloquy took place on the record:

[SECOND WIFE'S COUNSEL]: . . . And the only other thing that I wanted to say is it was my understanding subject to correction that the last time the parties appeared before this Court that there was to be a substitution and that there was—an estate was to be opened and that's what we were waiting for to have this hearing.

And we're back here today with the same parties except no estate has been opened and again, . . . the Court just doesn't have jurisdiction here to hear this for the reason set out in our motion if we are permitted to intervene and argue that to the Court.

But my understanding was that there was to be an estate opened and then the Court would take up this case.

THE COURT: Ms. Benoit?

[FIRST WIFE'S COUNSEL]: Your Honor, may I first speak to the Motion to Intervene because I think that's really the preliminary matter that's on the table.

THE COURT: I think the preliminary matter is that I don't have two parties.

[FIRST WIFE'S COUNSEL]: I would suggest, Your Honor, that I don't think that you need them. . . .

... [A] probate estate is only appropriate in a case where there are assets to administer.

This matter that's before the Court this morning has nothing to do with assets to administer. It's purely a status determination in the divorce case, and I don't think that it's necessary or even appropriate to go back to the probate court to do anything at this point.

So our position would be that it's not necessary to do anything in probate because probate would only become involved in a situation where there are assets to administer and that's not anything that has anything to do with the matter that's before the Court in this case.

First wife's counsel further argued, "... I don't think I need to have [second wife] as a party in this case. I think the Court can make a determination without her as a party." However, the court rejected this last contention and granted second wife's motion to intervene, reasoning as follows:

THE COURT: ... If I don't let them intervene, since [husband] is deceased, he's not here and there's no one here in his behalf, you haven't created an estate or asked for the appointment of Guardian ad litem, next friend, personal administrator, whatever. I'm not suggesting that you need it; I'm just saying you haven't. And now if I don't allow [second wife] to intervene, then I have no one participating on the other side of your position. And I don't think that's right.

Second wife's motion to dismiss was taken with the case, and evidence (consisting primarily of first wife's testimony) was adduced.

On April 30, 1996, the trial court entered a judgment sustaining first wife's motion to set aside the July 17, 1980, decree of dissolution, and denying second wife's motion to dismiss the same. Second wife appeals.

■ Before we can address the merits of any of second wife's four points on appeal, we must determine, *sua sponte*, whether this Court has jurisdiction. *Roberts v. Roberts*, 920 S.W.2d 144, 146 (Mo.App. E.D.1996). This is so even if the issue of jurisdiction is not raised by either party. *Id.* Since our jurisdiction derives from that of the trial court, if the trial court lacks jurisdiction, we likewise lack jurisdiction and must dismiss the appeal. *Richie By and Through Richie v. Laususe*, 892 S.W.2d 746, 748 (Mo.App. E.D.1994).

■ "Courts have jurisdiction to render judgments for or against viable entities only. A dead person is by definition not a viable entity." *Holmes v. Arbeitman*, 857 S.W.2d 442, 443 (Mo.App. E.D.1993). Only persons in being possess the capacity to sue or be sued. *Earls v. Farmers Prod. Credit Ass'n*, 763 S.W.2d 694, 695 (Mo.App. S.D.1988). "... [A] suit filed against a dead person does not invoke the jurisdiction of the court." *Richie*, 892 S.W.2d at 748. Where the sole named defendant is deceased, the trial court has no personal jurisdiction over the defendant, nor does the appellate court. *Id.*

■ Further, absent a general appearance or other waiver of process, there must be service of process in an authorized manner for a court to acquire personal jurisdiction. *Walker v. Gruner*, 875 S.W.2d 587, 588 (Mo.App. E.D.1994). Rule 74.06(c) provides, "The motion and a notice of a time and place for hearing on the motion shall be served *upon the parties to the judgment* pursuant to Rule 54." (Emphasis added.) Rule 74.06(c)'s provisions for service and a hearing are due process requirements which must be met unless waived. *In re Marriage of Du-Bois*, 875 S.W.2d 223, 228 n. 7 (Mo.App. S.D.1994).

■ Here, husband was the only other party to the judgment first wife was seeking to set aside, and was the sole adverse party named in her motion. At the time first wife filed her motion, husband had been dead for ten years. First wife did not attempt to serve her motion upon anyone who could speak for decedent or his estate. Therefore, the trial court lacked personal jurisdiction, and its judgment setting aside the decree was void. As we likewise lack jurisdiction, we must dismiss the appeal. *See Richie*, 892 S.W.2d at 748.

We note that Rule 52.13(a)(1) allows for the substitution of deceased parties:

If a party dies and the claim is not thereby extinguished, the court may, upon motion, order substitution of the proper parties. Suggestion of death may be made by any party or person in interest by the service of a statement of the fact of the death as provided herein for the service of a motion. A motion for substitution may be made by any party or by the successor or representative of the deceased party.... Unless a motion for substitution is served within 90 days after a suggestion of death is filed, the action shall be dismissed as to the deceased party without prejudice.

In the immediate case, the matter of substitution was discussed at the March 5, 1996, evidentiary hearing; however, the record does not show a motion for substitution of husband was ever filed pursuant to Rule 52.13(a)(1), either by first wife or by a successor or representative of husband (i.e., second wife).

■ The trial court attempted to rectify the fact that there was "no one participating on the other side of [first wife's] position" by granting second wife's motion to intervene at the hearing. In doing so, however, the court did not thereby acquire personal jurisdiction. Intervention is the means by which a third party can interject himself or herself into a pending action, to assert or protect his or her rights against the claims being made by an original litigant. *Alamo Credit Corporation v. Smallwood*, 459 S.W.2d 731, 732 (Mo.App. St.L.1970). It is ancillary to and contemporaneous with the original action. *Id.* It necessarily follows that the court must have had jurisdiction over the original parties before it can allow third parties to intervene.

In the case at bar, husband was deceased, and no one had been substituted for him. No one at the hearing represented husband's interests; second wife, for her part, expressly stated at the hearing that she was there on her own behalf, not as decedent's representative. Second wife's intervention did not remedy the trial court's lack of personal jurisdiction over husband.

The trial court did not have personal jurisdiction to hear first wife's motion to set aside the decree of dissolution. Its judgment was therefore void. Since our jurisdiction derives from that of the trial court, we likewise lack jurisdiction. Accordingly, the appeal is dismissed.

DOWD, P.J., and REINHARD, J., concur.