**Sharon CARPENTER, Recorder of Deeds, City of St. Louis, Appellant,**

v.

**Richard A. KING, Director of Revenue, State of Missouri, Respondent.**

No. 65785.

Supreme Court of Missouri, En Banc.

Nov. 20, 1984.

---

Julian L. Bush, Asst. City Counselor, James J. Wilson, City Counselor, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

WELLIVER, Judge.

The Recorder of Deeds of the City of St. Louis, appellant, brought this suit for declaratory judgment to resolve whether the Director of Revenue, respondent, must pay a fee for filing and recording notices of sales tax liens and releases thereof. The Circuit Court of Cole County entered judgment for respondent, Director of Revenue and appellant perfected this appeal. Since the cause involves the construction of a

state revenue law, we have exclusive appellate jurisdiction. Mo. Const. art. V, § 3. We affirm.

Section 144.380, RSMo 1978, directs the Director of Revenue to file for record in the office of the recorder of deeds notices and releases of sales tax liens.[1] Acting under this grant of authority, respondent from time to time presents such documents to appellant for filing of record. The statute is silent regarding whether the recorder of deeds may charge a fee for recording the documents, but in the past it appears that appellant's predecessors and the recorders in the state's various counties recorded the notices without charge. Appellant has sought to institute a fee for any such filings on the basis of § 59.313, RSMo 1978, which authorizes the recorder of deeds in the City of St. Louis to assess a fee of thirty cents per hundred words for the filing of any "instrument".[2] When respondent refused to pay the fee, appellant brought this suit for declaratory judgment. The circuit court rendered judgment for respondent, holding that appellant could not levy a fee upon respondent for filing documents pursuant to his statutory duties in the absence of specific statutory authorization.

Appellant argues the circuit court erred in finding respondent immune from the fee described in § 59.313 because (1) a notice or release of a sales tax lien qualifies as an "instrument" within the meaning of the statute, and (2) no statutory provision exempts the Director of Revenue from paying the fee authorized by the statute. The circuit court made no findings with respect

---

1. Section 144.380 provides:

   1. In any case in which any tax, interest or penalty imposed under sections 144.010 to 144.510 is not paid when due, the director of revenue may file for record in the recorder's office of the county in which the person owing said tax, interest or penalty resides or has his place of business, a notice of lien specifying the amount of the tax, interest or penalty due and the name of the person liable for the same ....

2. Such lien may be released by filing for record in the office of the county recorder a release thereof executed by the director of revenue upon payment of the tax, interest and penalties or upon receipt by the director of revenue of security sufficient to secure payment thereof, or by final judgment holding such lien to have been erroneously imposed.

2. Under § 59.310.3(1), RSMo Cum.Supp.1983, the recorders in Missouri's counties also may assess a fee for recording any "instrument".

to the first contention, but for purposes of this appeal we shall assume that the documents in question constitute "instruments" as that term is used in § 59.313. The question before us reduces to whether the statute can be read to authorize the fee appellant seeks to levy.

Section 59.313 does not by its express terms differentiate between instruments presented for filing by private citizens and instruments presented by state officials acting in accordance with their statutory duties. The bare general language of the statute cannot, however, support the assessment of a fee against the state and its officials. It is well-established in this state that "[t]he state and its agencies are not to be considered as within the purview of a statute, however general and comprehensive the language of such act may be, unless an intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication." *Hayes v. City of Kansas City*, 362 Mo. 368, 241 S.W.2d 888 (1951), quoting 59 C.J. *Statutes* § 653; *State ex rel. Askew v. Kopp*, 330 S.W.2d 882, 888 (Mo.1960); *Paulus v. City of St. Louis*, 446 S.W.2d 144, 151 (Mo.App.1969); *City of Poplar Bluff v. Knox*, 410 S.W.2d 100, 103–04 (Mo.App.1966). The rule reflects the notion that the state is a unique entity in our society as the reservoir of the power and rights of all people. Narrowly construing the general provisions of a statute in favor of the state serves to preserve the state's sovereign rights and protect its capacity to perform necessary governmental functions. *See* 3 Sutherland Statutory Construction § 62.01 (4th ed. 1974).

We see no clear indication that the legislature intended to permit a fee against respondent. Appellant, in effect, would have us construe the general language of the statute so as to authorize a tax upon respondent for performing duties assigned to him by the legislature. The fee appellant seeks to impose would directly, if not significantly, burden respondent's performance of these duties. We decline to permit

an agent of a subdivision of the state to tax the state for performing a proper governmental function in the absence of express statutory authorization.

Appellant contends, however, that the legislature's silence in § 144.380 with respect to fees bespeaks its tacit intention to authorize a fee since in § 142.050, RSMo 1978, a statute authorizing respondent to file notices of motor vehicle tax liens, the legislature made express its intention not to allow the recorder to collect a fee: "The recorder shall receive no fee for filing or recording the notice." *Id.* Section 144.380 was first enacted in 1939, while § 142.050 was not enacted until 1943. *See* 1939 Mo. Laws 855, 867 § 29; 1943 Mo. Laws 670, 689 § 14. We are not persuaded that the inference which appellant would have us draw from these two statutes is sufficient to prove a clearly manifested intent to authorize a fee against the state, particularly since the statutes were not passed at the same time.

The judgment is affirmed.

All concur.

