**Arthur GUNTER, Harry Donnegan, Intervenors/Appellants,**

v.

**Anthony W. BONO, et al., Defendants/Respondents.**

Nos. 67572, 67708.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 30, 1996.

Jones, Korum, Waltrip & Jones, Robert E. Jones, Daniel S. Rork, Clayton, for Appellants.

Lewis, Rice & Fingersh, L.C., Richard B. Walsh, Jr., Eric D. Paulsrud, St. Louis, for Respondents.

PUDLOWSKI, Judge.

Arthur Gunter and Harry Donnegan, henceforth appellants, come before this court challenging the trial court's entry of judgment notwithstanding the verdict in favor of respondents John Kjar, Anthony Bono, and Frank Soltysiak. For the reasons which follow, we reverse the JNOV and remand with instructions to the trial court that the jury verdict be reinstated.[1]

The instant appeal arises out of a protracted and rather complicated litigation which was precipitated by respondents' default on a promissory note held by appellants and assumed by respondents in 1983. Appellants were the principals in a real estate investment company known as Revesco, Inc. In 1979, Revesco sold real estate located at 3935–43 S. Grand Boulevard in St. Louis to Robert and Patricia Glore, who are not parties to this appeal. The Glores issued a promissory note to Revesco. The Glores then sold the property to respondents in 1983, and respondents agreed to assume the note.

Revesco terminated its corporate status in 1980 through voluntary dissolution. Appellants continued to receive payments on the note until 1991, when default occurred. The Glores then brought suit against respondents for the balance owed on a 1983 note executed by respondents in favor of the Glores (on which respondents also apparently defaulted) and appellants intervened in that suit seeking the balance owed them on the original note, plus interest and attorney fees, as provided by the terms of the note. On September 7, 1994, the trial court entered judgment on a jury verdict for appellants for $33,-994.84; respondents and the Glores were jointly and severally liable for this judgment, though the Glores liability was limited to $29,692.86. The difference is apparently attributable to additional interest and attorney fees which accumulated after the Glores ceased active opposition to appellants' suit. It is not suggested by either party that the trial court erred in this regard.

After this judgment was entered, respondents moved for JNOV. The trial court granted this motion on October 7, 1994, reasoning that appellants, as statutory trustees of Revesco, did "not have standing to sue and are not proper parties to bring suit." On July 7, 1995, the Glores paid appellants $29,-692.86; appellants filed a Satisfaction of Judgment notice with the trial court, and timely appealed the JNOV.

---

1. Respondents have filed a motion to dismiss the appeal. As their argument in the motion is wholly redundant with their assertions on appeal regarding satisfaction of the judgment, we do not address the motion separately, but simply deny it.

*Satisfaction*

■ Respondents argue first that this appeal is moot because even if appellants are entitled to restoration of the jury verdict and entry of judgment in their favor, they have already received satisfaction of that judgment. Respondents' position is premised on the straight-forward principle that a prevailing party is entitled to but one satisfaction of judgment. *See Ensminger v. Burton,* 805 S.W.2d 207, 218 (Mo.App.W.D.1991). While this precept hardly admits of dispute, it does not end the inquiry, since the Glores paid only $29,692.86 and respondents were held liable for $33,994.84.

■ The inquiry is more appropriately inaugurated with the maxim that in construing the breadth and scope of a satisfaction or release, the intent of the parties, as apparent from the face of the document, shall control. *State ex rel. Normandy Orthopedics v. Crandall,* 581 S.W.2d 829, 833 (Mo. banc 1979). From this, appellants contend that because the Satisfaction of Judgment which they filed only refers to the Glores, while the trial court's original judgment contemplated liability on the part of both the Glores and respondents (including some $4,000. for which respondents alone were liable), the Glore satisfaction did not fully extinguish respondents' liability. To bolster this argument, appellants cite numerous cases holding that release of one joint tortfeasor does not affect the liability of other joint tortfeasors. This case deals with liability arising from a contract, of course, and thus, these tort cases are inapposite.

■ However, it is also true that where two or more parties are jointly liable on a contractual obligation, and one party settles with the creditor so as to be released, the creditor may still be able to proceed against the other jointly liable party (or parties). *See McGinnis v. Rolf,* 239 Mo.App. 54, 189 S.W.2d 456, 460 (W.D.1945) and *Guilford*

*Bank of Guilford v. Hubbell,* 138 S.W.2d 690, 692 (Mo.App.W.D.1940).[2]

In *McGinnis,* the plaintiff was the payee on a note executed jointly by several makers. The payee settled with one maker, releasing him from liability, and the court held that in doing so the payee did not impair his ability to collect the balance due on the note from the remaining makers. In *Guilford Bank,* a bank depositor had required that several individuals guarantee his deposit in addition to the bank so that the bank and the individuals were jointly liable for re-payment of the deposit. The depositor entered a release with some of the guarantors, and the court held that doing so in no way diminished the depositor's right to receive payment of the balance from the bank and the other guarantors. Hence, there is no per se rule that release of one party liable on a contract releases all other parties liable on the same contract.

Since the satisfaction filed by appellants only mentions the Glores and reflects payment of an amount less than the full judgment, we find that respondents were not released thereby and may still be liable for the balance owed on the judgment originally entered by the trial court.

*Proper Party*

■ Respondents also assert that appellants erred by suing in their own names as statutory trustees for Revesco, rather than bringing the action in Revesco's name, and that this mistake dooms appellants' cause of action. While we agree that appellants should have sued in Revesco's corporate name rather than as statutory trustees, we do not find this error fatal.

Section 351.476(2)(5) RSMo, enacted in 1990, states that "dissolution of a corporation does not prevent commencement of a proceeding by or against the corporation in its corporate name." Absence of mandatory

---

**2.** Respondents have urged, or attempted to, that any law applicable to releases is not necessarily relevant to satisfactions. It is true that releases exonerate potential liability, while satisfactions deal with liability which has already been established and embodied in a judgment. Respondents do not suggest why this distinction should matter in the present context. In any event,

since there was no judgment in favor of appellants at the time the Glores paid the $29,692.86 (the JNOV having been issued by then), the document filed by appellants with the trial court which acknowledges the Glores' payment, and which purports to be a satisfaction, is actually a release.

language notwithstanding, we have no trouble concluding that the legislature's intent in passing this statute was to prescribe the correct procedure for litigation involving dissolved corporations. This interpretation accords with the relevant precedents. *Mabin Construction Co., Inc. v. Historic Constructors, Inc.*, 851 S.W.2d 98, 103 (Mo.App.W.D. 1993); *Reben v. Wilson*, 861 S.W.2d 171, 176 (Mo.App.E.D.1993).

Section 351.476 was in existence at the time respondents defaulted on the note, but not at the time Revesco was dissolved. Appellants acknowledge some uncertainty as to whether the law at the time of dissolution, or at the time of default, should dictate the correct manner of bringing suit on behalf of the dissolved corporation. Appellants suggest that the law at the time of dissolution should govern, and we might well agree with them were we able to divine what the law was with respect to this question in 1980. Appellants rely on § 351.525, in effect at the time of Revesco's dissolution but since repealed, for the proposition that upon dissolution of a Missouri corporation, the officers and directors *in office become trustees who* are charged with winding up the corporation's affairs, including collection of assets. However, § 351.525, by its own terms, applies only to corporations which forfeit their corporate charters for failure to comply with certain corporation law requirements. The distinction between forfeited corporations and voluntarily dissolved corporations is well recognized and is not collapsible in the way appellants suggest. *See Groh v. North Kansas City Dev. Co.*, 778 S.W.2d 31 (Mo.App. W.D.1989). Nor do the cases expounding this statute expand its ambit to include voluntarily dissolved corporations. *See Fisher v. Spray Planes, Inc.*, 814 S.W.2d 628 (Mo. App.E.D.1991); *SAB Harmon Industries v. All State Bldg. Sys.*, 733 S.W.2d 476 (Mo. App.W.D.1987); *Clark Estate Co. v. Gentry*, 362 Mo. 80, 240 S.W.2d 124 (1951) (all involving corporations which had forfeited their corporate statuses).

■ Irrespective of how a dissolved corporation was to bring suit for collection of debts prior to enactment of § 351.476, that statute is applied retroactively to corporate dissolu-

tions occurring prior to 1990. Section 351.476(2)(5) is clearly procedural and remedial in nature, in that it sets forth the manner in which a dissolved corporation avails itself of rights which it already possesses. A statute which is remedial or procedural operates retrospectively unless the legislature expressly states otherwise. *Wilkes v. Mo. Highway and Transportation Comm'n*, 762 S.W.2d 27, 28 (Mo. banc 1988). Thus, appellants should have sued in the name of Revesco.

■ However, it would be pure folly to strip appellants of their jury verdict because of a technical misnomer. "Mere misnomer of a corporate defendant in words and syllables is immaterial, provided there is no substantial mistake so as to indicate a different entity, it is duly served with process, and the corporation could not have been, or was not, misled." *Martin v. Signal Dodge, Inc.*, 444 S.W.2d 29, 31 (Mo.App.E.D.1969). This logic is wholly applicable to the instant situation even though it is the corporate plaintiff that was misnamed rather than the corporate defendant. Appellants' initial pleading explained their identity as "statutory trustees for Revesco, Inc., an administratively dissolved Missouri corporation." Respondents do not even suggest that they were in any way prejudiced, misled or confused by appellants' nominal mistake. The trial court erroneously applied the law in granting judgment for respondents on this basis.

### Voluntary Dissolution

■ Respondents further urge, and the trial court also accepted, that no statutory authorization exists for the prosecution of appellants' claim. Respondents' reasoning is that once a corporation is dissolved, it lacks the standing to sue, except as such standing is expressly conferred by statute. With this we concur. Respondents then cite § 351.565 RSMo, repealed in 1990, as the dispositive statute; that section provided as follows:

"The dissolution of a corporation ... shall not take away or impair any remedy available to or against such corporation, its directors or shareholders, *for any right or claim existing or any liability incurred prior to dissolution* if suit or other pro-

ceeding thereon is commenced within two years after the filing of the articles of dissolution...." (emphasis added).

Respondents defaulted on the promissory note in 1991, eleven years after Revesco's dissolution, and appellants had no right to demand payment prior to this default. The instant lawsuit, then, is not based on any right or claim in existence at the time of Revesco's dissolution, so § 351.565 does not control.

Section 351.476 succeeds to much of the subject matter formerly addressed by § 351.565. Section 351.476(1) authorizes a dissolved corporation to take certain steps to wind up its affairs, including collection of assets. The scope of this statute is not limited to claims existing at the time of dissolution, and no time limit is placed on a dissolved corporation's ability to enforce its rights.

 Statutes which create or destroy substantive rights cannot be applied retroactively. Mo. Const.Art. I, § 13. Respondents contend that application of § 351.476 to this case would violate this constitutional prohibition because it would confer on appellants a new right; to wit, the right to sue on a debt some 13 years after corporate dissolution. But the substantive right undergirding appellants' lawsuit is the right to full payment on the promissory note, a right that has existed since the note was executed, and one which was acknowledged by respondents during the years from 1983 to 1991 when they made payments on the note. Application of § 351.476 merely provides a legal channel through which this long-standing right may be vindicated. Put plainly, application of § 351.476(1)(1), like application of § 351.476(2)(5), provides a new remedy, not a new substantive right, and, therefore, is presumptively applied retroactively. *See Mispagel v. Mo. Highway and Transp. Comm'n*, 785 S.W.2d 279, 281 (Mo. banc 1990).

The trial court erred in holding that no statute conferred standing on appellants to sue for payment on the promissory note, since § 351.476(1) does exactly that. While the trial court correctly held that this lawsuit should have been brought in the corporate name of Revesco rather than in the name of the statutory trustees, it should not have entered judgment notwithstanding the verdict in favor of respondents for this reason, as it was an innocuous misnomer. Finally, the partial satisfaction of the judgment which appellants received from the Glores does not release respondents, since there is no categorical rule requiring this result, and the language of the Glore release does not indicate an intention to release respondents as well.

This case is reversed and remanded to the trial court with instructions that judgment be entered on the jury verdict for appellants.

AHRENS, P.J., and GRIMM, J., concur.