**Gloria GAUNT and Stephen Gaunt, Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant,**

and

**Shannon S. McBroom and Norman L. Ernst, Respondents.**

**No. WD 57164.**

Missouri Court of Appeals, Western District.

April 18, 2000.

Motion for Rehearing and/or Transfer to Supreme Court May 30, 2000.

Application for Transfer Denied Aug. 29, 2000.

Kathleen M. Hagen, Patrick J. Berrigan, Kansas City, for appellants.

Russell C. Ashley, Kansas City, Daniel R. DeFoe, Independence, for respondents.

Before: SMART, P.J., and ELLIS and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

This appeal arises out of a jury verdict and judgment thereon for Gloria Gaunt, the appellant, and against Shannon McBroom and Norman Ernst, the respondents, and State Farm Mutual Automobile Insurance Company (State Farm) on the appellant's claim for damages for personal injuries sustained in an automobile accident.[1] The accident involved four vehicles: the appellant's; McBroom's; Ernst's; and a phantom vehicle, an uninsured motor vehicle covered under the appellant's policy of insurance with State Farm. The jury's verdict, by its express terms, apportioned fault among the parties below as follows: 20 percent to State Farm; 55 percent to McBroom; 25 percent to Ernst; and 0 percent to the appellant. The trial court entered judgment on the verdict as returned by the jury, which became final on February 19, 1999, and was not appealed. After judgment, the parties paid the following sums: State Farm, $5,000; McBroom, $13,750; and Ernst, $6,250, for a total of $25,000. Although requested by McBroom and Ernst, the appellant refused to acknowledge satisfaction of the judgment, claiming that the $5,000 payment from State Farm was a "collateral source" payment under the appellant's contract of insurance with State Farm, not a payment by a jointly and severally liable tort-feasor in satisfaction of the $25,000 judgment, such that McBroom and Ernst were still jointly and severally liable for $5,000 on the judgment. Thereafter, McBroom and Ernst each filed a Rule 74.11(c)[2] motion for an order showing satisfaction of the judgment, which motions were sustained. The appellant appeals the orders of the trial court showing satisfaction of judgment.

In her sole point on appeal, the appellant claims that the trial court erred in ordering satisfaction of her judgment because the $5,000 paid by State Farm was a "collateral source" payment, which, by law, could not be credited against the judgment owed by the joint tort-feasors McBroom and Ernst, in that State Farm made the payment as the contractually obligated insurer under the appellant's policy of insurance and not as a joint tort-feasor under the judgment.

We affirm.

---

1. Although the appellant's husband, Stephen Gaunt, is named as an appellant in the notice of appeal, no claim of error is raised regarding his loss of consortium claim. The only claim raised on appeal is the appellant's attack on the validity of the circuit court's orders showing satisfaction, under Missouri Rule of Civil Procedure 74.11(c) (1999), of her $25,000 judgment. As to these special orders of the trial court, Mr. Gaunt is not an aggrieved party. *Ong Bldg. Corp. v. GMAC Mortgage Corp.*, 851 S.W.2d 54, 55 (Mo.App. 1993). Thus, because a party not aggrieved by a judgment has no right or standing on appeal, *Shahan v. Shahan*, 988 S.W.2d 529, 533 (Mo. *banc* 1999); *Bond v. California Compensation & Fire Co.*, 963 S.W.2d 692, 696 (Mo.App.1998) (*citing* § 512.020, RSMo 1994), Mr. Gaunt has no standing with respect to his wife's challenge of the trial court's orders showing satisfaction of her judgment. Hence, he should not be designated as an "appellant" for purposes of this appeal.

2. All rule references are to Missouri Rules of Civil Procedure (1999), unless otherwise indicated.

## Facts

On October 18, 1996, the appellant was driving north on Interstate 35 in Kansas City, Jackson County, Missouri. As she approached the Paseo Bridge, a vehicle ahead of her, the phantom vehicle, slowed or came to a stop on the highway, causing her to slow. As she did, the vehicles being driven by McBroom and Ernst collided with her vehicle, causing her injuries.

On July 14, 1997, the appellant and her husband, Steven Gaunt, filed a two-count petition for damages in the Circuit Court of Jackson County against McBroom, Ernst, and State Farm. In Count I, the appellant alleged that she sustained personal injuries as a direct result of the negligent operation of a motor vehicle by McBroom, Ernst, and the phantom driver. In Count II, the appellant's husband alleged a claim for loss of consortium as a result of the injuries to the appellant. Each of the defendants filed an answer denying any liability.

The case proceeded to a jury trial and, on January 14, 1999, the jury returned a verdict in favor of the appellant on her claim, finding that she had sustained damages in the total amount of $25,000 and assessing percentages of fault to the named defendants as follows: State Farm, 20 percent; McBroom, 55 percent; and Ernst, 25 percent. On Mr. Gaunt's loss of consortium claim, the jury returned a verdict for the defendants. On January 20, 1999, the trial court entered judgment for $25,000 for the appellant and against State Farm, McBroom, and Ernst. No appeal was taken from this judgment, which became final thirty days later, on February 19, 1999.

After the judgment was entered, the defendants made the following payments, totaling $25,000: State Farm, $5,000; McBroom, $13,750; and Ernst, $6,250. However, the appellant refused to acknowledge that the judgment had been satisfied, demanding that McBroom and Ernst pay an additional $5,000, contending that State Farm's payment was a collateral source payment which could not be credited against the judgment. As a result, on March 16, 1999, McBroom filed a motion for an order showing satisfaction of judgment, pursuant to Rule 74.11(c). Ernst did likewise, filing his motion on March 22, 1999. On April 20, 1999, the trial court sustained the motions and ordered the Circuit Clerk to enter satisfaction of the judgment.

Pursuant to § 512.020,[3] the appellant appeals from the special orders of the trial court.

## Standard of Review

◼ The appellant appeals from the Rule 74.11(c) special orders of the trial court, *Helton Constr. Co. v. High Point Shopping Ctr., Inc.*, 838 S.W.2d 87, 91–92 (Mo.App.1992), which are to be reviewed the same as any other judge-tried case, under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Vanderford v. Cameron Mut. Ins. Co.*, 915 S.W.2d 391, 392 (Mo.App.1996). As such, we will affirm the orders of the trial court unless there is no substantial evidence to support them, they are against the weight of the evidence, or they erroneously declare or apply the law. *Martin v. United States Fidelity & Guar. Co.*, 996 S.W.2d 506, 508 (Mo. banc 1999).

## I.

◼ In her sole point on appeal, the appellant claims that the trial court erred in ordering satisfaction of the judgment because the $5,000 paid by State Farm was a "collateral source" payment, which, by law, could not be credited against the judgment owed by the joint tort-feasors McBroom and Ernst, in that State Farm made the payment as the contractually obligated insurer under the appellant's policy of insurance and not as a joint tort-feasor under the judgment. To the con-

---

**3.** All statutory references are to RSMo 1994, unless otherwise indicated.

trary, McBroom and Ernst contend that the trial court did not err in that, under the judgment entered by the court, they and State Farm were jointly and severally liable to the appellant for $25,000, such that the payments made by the three, totaling $25,000, completely satisfied the judgment. To decide the claim raised in this point, we necessarily are required to determine the law with respect to the "collateral source rule" and "joint and several liability."

■ " '[T]he collateral source rule is not a single rule but rather, a combination of rationales applied to a number of different circumstances to determine whether evidence of mitigation of damages should be precluded from admission.' " *Duckett v. Troester*, 996 S.W.2d 641, 648 (Mo.App. 1999) (*quoting Washington by Washington v. Barnes Hosp.*, 897 S.W.2d 611, 619 (Mo. banc 1995)). It " ' "is an exception to the general rule that damages in tort should be compensatory only." ' " *Id.* at 647 (*quoting Washington*, 897 S.W.2d at 619 (citation omitted)). "The rule prevents a tortfeasor from reducing its liability to an injured person by proving that payments were made to the person from a collateral source." *Id.* Specifically, the rule provides that:

> " 'a wrongdoer is not entitled to have the damages to which he is liable reduced by proving that [the] plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him, or, stated more succinctly, the wrongdoer may not be benefited by collateral payments made to the person he has wronged.' "

*Id.* at 647–48 (citations omitted). "The justification for the rule is that the ' "wrongdoer should not benefit from the expenditures made by the injured party in procuring the insurance coverage." ' " *Id.* at 648 (citations omitted).

Under the rule, whether the plaintiff has insurance coverage that will pay his or her damages is irrelevant. Thus, the application of the rule prevents an alleged tortfeasor from attempting to introduce evidence at trial that the plaintiff's damages will be covered, in whole or in part, by the plaintiff's insurance. Where the plaintiff has incurred no expense, obligation, or liability in securing the insurance coverage in question, the collateral source rule has no application. *Id.* (citations omitted).

■ The record is clear that at the time of the motor vehicle accident in question, the appellant had paid for and had in full force and effect a policy of insurance with State Farm for payment of damages for bodily injuries caused, *inter alia*, by a driver of an "uninsured motor vehicle." The policy defined an "uninsured motor vehicle" as including a " 'phantom vehicle,' which is a land motor vehicle whose owner or driver remains unknown." Thus, under the appellant's uninsured motorist coverage with State Farm, she was entitled to the payment of damages from it for any bodily injuries which the jury found she sustained as a result of the negligent acts of the phantom driver alleged in her petition. "The collateral source rule is applicable to uninsured motorist payments made under a policy of insurance by the insured's own insurance company to the insured for which the insured has paid a premium." *Hagedorn v. Adams*, 854 S.W.2d 470, 479 (Mo.App.1993) (citation omitted). As such, under the collateral source rule, McBroom and Ernst, in an attempt to mitigate any award of damages against them for their alleged acts of negligence, would have been prohibited from introducing at trial evidence of any payments by State Farm to the appellant under the policy for uninsured motorist coverage for the negligent acts of the phantom driver. *Id.*

■ With respect to joint and several liability, § 537.067.1 provides: "In all tort actions for damages, in which fault is not assessed to the plaintiff, the defendants shall be jointly and severally liable for the amount of the judgment rendered against

such defendants." § 537.067.1; *Hollis v. Blevins*, 926 S.W.2d 683, 683–84 (Mo. *banc* 1996). To invoke joint and several liability, "there must be two or more defendants, the joint aspect, whose negligence contributed to the plaintiff's injury, the several aspect." *Hein v. Oriental Gardens, Inc.*, 988 S.W.2d 632, 634 (Mo.App.1999) (*citing Kibbons v. Union Elec. Co.*, 823 S.W.2d 485, 491 (Mo. *banc* 1992)). Thus, for joint and several liability to apply, the fact finder has to find that two or more defendants were negligent and that the negligence of each contributed to the plaintiff's injury. *Id.* "Apportionment of relative fault between defendants has no effect on a plaintiff's right to collect the full amount from any one of the defendants." *Elfrink v. Burlington N. R.R. Co.*, 845 S.W.2d 607, 615 (Mo.App.1992). However, a prevailing party is entitled to only one satisfaction of judgment, § 537.060; *Gunter v. Bono*, 914 S.W.2d 437, 439 (Mo.App.1996), "and receipt of full satisfaction from either tortfeasor for the wrong for which both are liable bars plaintiff's recovery from the other for the same injury." *Slankard v. Thomas*, 912 S.W.2d 619, 624 (Mo.App. 1995).

█ Although McBroom and Ernst have no quarrel with the law as to the "collateral source rule," they dispute the attempt of the appellant to apply it here such that State Farm's $5,000 payment should not be credited against the judgment. In contending that the collateral source rule did not apply, McBroom and Ernst argue that, under the judgment sought to be satisfied by their Rule 74.11(c) motions, State Farm was treated, as were they, as a joint tort-feasor, rather than as an insurance carrier, whose liability was predicated on its contract of insurance with the appellant. As a consequence, they argue, regardless of the fact that the appellant could have proceeded and obtained a judgment against State Farm in contract, invoking the collateral source rule as to any payments made under the policy, she failed to do so. Thus,

they assert, her contract claim against State Farm "merged" into the final judgment against the respondents and State Farm, as joint tort-feasors, who were jointly and severally liable on the judgment, precluding her collateral attack on the judgment in the Rule 74.11(c) proceeding, claiming that State Farm's $5,000 payment should have been treated by the trial court as being made pursuant to a contract of insurance such that it was from a collateral source for which McBroom and Ernst could not benefit.

█ The record reflects that the judgment against the respondents and State Farm was entered on January 20, 1999, and became final thirty days hence, February 19, 1999, in that no timely authorized after-trial motions were filed. Rule 81.05(a)(1). As such, the trial court was without jurisdiction to change, alter or modify its final judgment of January 20, 1999, as rendered. Rule 75.01; *Lake Thunderbird Property Owners Ass'n v. Lake Thunderbird, Inc.*, 680 S.W.2d 761, 763 (Mo.App.1984). Although Rule 75.01 bars the trial court's right to alter, modify or change its judgment, it does not preclude its enforcement as originally rendered. *Missouri Hosp. Ass'n v. Air Conservation Comm'n*, 900 S.W.2d 263, 267 (Mo.App.1995); *Lake Thunderbird Property*, 680 S.W.2d at 763. " 'Courts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so.' " *Lake Thunderbird Property*, 680 S.W.2d at 763 (citation omitted). Hence, each of the parties in this case was entitled to have the circuit court's judgment of January 20, 1999, enforced by the court as rendered. The dispute is over how to treat State Farm's $5,000 payment in enforcing the judgment as rendered. The appellant contends that it was a contractual payment subject to the collateral source rule, whereas McBroom and Ernst contend that it was not given the express terms of the written judgment entry, by

which the trial court was bound in enforcing the judgment.

It is well settled that "[t]he right of the injured party to recover from an uninsured motorist carrier arises from the insurance contract rather than in tort." *Hollis,* 927 S.W.2d at 568. "Uninsured motorist insurance cases combine tort liability and contract liability into one action. The obligation of the uninsured motorist to respond in money damages is governed by tort rules and that of the insurer is governed by contract (treaty and law)." MAI 31.10 [1978 Revision]. As such, there can be no disagreement that the appellant *should have* proceeded against State Farm in contract, rather than in tort, to collect on her uninsured motorist coverage for damages she sustained as a result of the alleged negligent acts of the phantom driver. However, the dispositive issue presented here is not whether the appellant actually pled an action in contract against State Farm, as she contends, which is questionable given her pleadings,[4] but whether the judgment against State Farm speaks in contract or tort. This is so in that this appeal is from the order of the trial court acknowledging satisfaction of the judgment, under Rule 74.11(c), and it is axiomatic that in making this decision it was bound by the final judgment *as rendered,* regardless of what theory of recovery the appellant did pursue or should

have pursued. For the reasons discussed, *infra,* we find that the judgment against State Farm in question treated it as a joint and severally liable judgment debtor.

■ In instructing a jury where the uninsured motorist insurer is sued, but the uninsured motor vehicle operator is not because he or she is unknown, the Notes on Use (1988 Revision) of MAI 31.11 [1996 Revision], provide that § 379.203

> requires coverage although the identity of the owner or operator of such vehicle cannot be identified because the vehicle left the scene of the occurrence. In such situations, the definition of "uninsured motor vehicle" in MAI 12.01 IV must be used along with MAI 31.11, modified to read as follows:
>
> Your verdict must be for plaintiff if you believe:
>
> First, the operator of an uninsured motor vehicle violated the traffic signal [other appropriate specifications of negligence from Chapter 17.00], and
>
> Second, the operator of said vehicle was thereby negligent, and
>
> Third, as a direct result of such negligence plaintiff sustained damage.

It is further provided that: "In those cases where the existence of the policy is in issue, the following paragraph must be added: '[Fourth], a policy providing unin-

4. In their petition, the appellant and Mr. Gaunt pled two counts: *"COUNT I* **(NEGLIGENCE),"** with respect to the appellant's claim, alleging negligent acts of the "Phantom," the "Defendant Shannon McBroom," and the "Defendant Norman Ernst," and no allegations of negligence against State Farm; and (2) *"COUNT II* **(Loss of Consortium),"** with respect to Mr. Gaunt's claim. There was no contract count pled against State Farm in the petition. The only allegations of contract were found in one of the general sections of the petition denominated, *"FACTS OF OCCURRENCE,"* which read, in pertinent part:

> 12. At the aforesaid place and time, the plaintiff was insured under contract with defendant State Farm Mutual Automobile Insurance Company, and the policy of insurance was issued and delivered in the State of Missouri, to

> the plaintiff, a resident of the State of Missouri. Said policy of insurance was in full force and effect at all relevant times herein.
>
> 13. Said policy or contract of insurance provided 'uninsured motor vehicle bodily injury coverage,' entitling the insured plaintiff to recover damages from State Farm for bodily injuries in which the insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle, arising out of the operation, maintenance or use of an uninsured motor vehicle. Such coverage included injuries caused by a driver of a 'phantom vehicle,' which is a land motor vehicle whose owner or driver remains unknown and causes bodily injury to the insured.

sured motorist coverage for plaintiff existed at the time of occurrence.'" *Id.* As to the verdict form to be used, MAI 31.10 [1978 Revision] provides: "Verdict form MAI 36.14 should be used where the insurance company is sued as the only defendant in uninsured motor vehicle situations." The verdict form found in MAI 36.14 [1980 Revision] requires the jury to find in favor of the plaintiff or the named insurer and to find the plaintiff's total amount of damages. However, the jury does not determine what portion of the total damages awarded the plaintiff is due from the insurer under the contract of insurance. Rather, as noted in MAI 31.10 [1978 Revision]:

> Where the suit is against the insurance company only in an uninsured motor vehicle situation, the measure of damages instruction MAI 4.11 should be used. *This instruction does not assess damages against the defendant,* but sets the amount of damages sustained by the plaintiff as a result of the collision. If the amount of damages is over the applicable policy limits, the court will enter judgment in the amount of the applicable policy limit. If the damages sustained by plaintiff are less than the policy limit, the court will then enter judgment in that amount.
>
> . . . .
>
> The jury will assess by its general verdict the amount of damages. The

court, as a matter of law, will enter judgment against the tort-feasor for the full amount.

> The court will enter judgment upon the jury's verdict against the uninsured motor vehicle insurance carrier only in such amount as its liability appears as a matter of law, including questions of stacking.

(Emphasis added). Of course, in the factual situation presented here, where, in addition to the phantom vehicle operator, the plaintiff sued known motor vehicle operators, the instructions would have to be modified to provide for multiple defendants and comparative fault. However, this would in no way change the fact that, in assessing fault and awarding damages, the insurer is not to be treated as a tort-feasor, but rather as a contractually obligated party whose ultimate judgment debt on the plaintiff's claim is to be determined by the trial court based on the damages awarded, the coverage provided, and the applicable law.

Even a casual reading of the record would reveal that the appellant's case against State Farm was submitted and decided by the jury as if it were a joint tort-feasor, and that the judgment was entered in accordance therewith. In this regard, in the appellant's verdict director, Instruction No. 5,[5] and the form of ver-

---

5. Instruction No. 5 stated:

> In your verdict you must assess a percentage of fault to defendant State Farm Mutual Automobile Insurance Company, if you believe:
> First, either:
> the operator of an uninsured motor vehicle suddenly slowed his automobile on the highway without first giving an adequate and timely warning of his intention to slow; or
> the operator of an uninsured motor vehicle suddenly stopped his automobile on the highway without first giving an adequate and timely warning of his intention to stop, or

> the operator of the uninsured motor vehicle stopped his automobile in a lane reserved for moving traffic, and
> Second, the operator of an uninsured motor vehicle, in any one or more of the respects submitted in paragraph First, was thereby negligent, and
> Third, such negligence either directly caused or directly contributed to cause damage to plaintiff Gloria Gaunt.
> The phrase "uninsured motor vehicle" as used in these instructions means a motor vehicle with respect to which the identity of the owner or operator cannot be established because the motor vehicle departed the scene of the occurrence with or without physical contact between such vehicle and the plaintiff or the plaintiff's vehicle.

**138**

dict,[6] the jury was instructed to consider whether to assess a percentage of fault to defendant State Farm, if it believed certain propositions of fact. Under the applicable MAI's, "fault" is to be assessed only where the defendant is found by the jury to be negligent, resulting in damage to the plaintiff. As such, it goes without saying, that fault speaks in terms of tort, not contract, and by requesting the jury to assess fault to State Farm, was to treat it as an alleged tort-feasor.

■ As stated, *supra*, based on the instructions submitted, the jury returned a verdict, on the appellant's claim, for the appellant and against the respondents and State Farm, assessing 20 percent of the fault to State Farm, 55 percent to McBroom, 25 percent to Ernst and 0 percent to the appellant, and finding total damages of $25,000. The judgment entered on this verdict on January 20, 1999, read, in pertinent part: "WHEREFORE, IT IS ORDERED AND ADJUDGED that Gloria Gaunt, have and recover the sum of $25,000 for actual damages from defendants, *jointly and severally*, together with the costs incurred by plaintiff, in pursuing the claim against defendants." (Emphasis added). "The general rules of construction for written instruments are used to construe court judgments." *Dover v. Dover*, 930 S.W.2d 491, 495 (Mo.App.1996). "If possible, judgments should be construed in a way that will make them effec-

tive." *Id.* "But, when the language of the judgment is 'plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be declared in the light of the literal meaning of the language used.'" *Id.* (quoting *Hampton v. Hampton*, 536 S.W.2d 324, 325 (Mo. App.1976)); *Howard v. Howard*, 916 S.W.2d 875, 876–77 (Mo.App.1996). Giving the language of the judgment here its plain and ordinary meaning, there can be no mistake that State Farm was found by the jury to be jointly and severally liable with McBroom and Ernst for the $25,000 award of damages to the appellant. Thus, under the judgment as rendered, as to these joint and severally liable defendants, the appellant was entitled to receipt of only one satisfaction of judgment, § 537.060; *Gunter*, 914 S.W.2d at 439, and such receipt from any of the tort-feasors, solely or in combination, would bar any further recovery by her from the other tort-feasors for the same injuries claimed. *Slankard*, 912 S.W.2d at 624.

We surmise that the appellant, in failing to submit a verdict director based on a modified version of MAI 31.11, and a verdict form based on a modified version of MAI 36.14, as discussed, *supra*, rather than asking, as she did, the jury to assess fault against State Farm, was operating on an assumption that State Farm was only serving, for purposes of the instructions, in

**6.** The form of verdict submitted and completed provided, in pertinent part:

Note: Complete the following paragraph by filling in the blanks as required by your verdict. If you assess a percentage of fault to any of those listed below, write in a percentage not greater than 100%; otherwise write in "zero" next to that name. If you assess a percentage of fault to any of those listed below, the total of such percentages must be 100%.

We, the undersigned jurors, assess percentages of fault as follows:

| | | |
|---|---|---|
| Defendant State Farm | 20% | (Zero to 100%) |
| Defendant Shannon McBroom | 55% | (Zero to 100%) |
| Defendant Norman Ernst | 25% | (Zero to 100%) |
| Plaintiff Gloria Gaunt | 0% | (Zero to 100%) |
| TOTAL | 100% | (Zero OR 100%) |

Note: Complete the following paragraphs if you assessed a percentage of fault to any defendant.

On the claim of plaintiff Gloria Gaunt for personal injury, we, the undersigned jurors, find the total amount of plaintiff Gloria Gaunt's damages, disregarding any fault on the part of plaintiff Gloria Gaunt, to be $25,000 (stating the amount).

the stead of the phantom operator. We further surmise that she believed that an assessment of fault against State Farm would be treated as a finding of fault as to an uninsured motorist, the phantom driver, triggering liability under her State Farm policy of insurance, in that there appears to have been no dispute in the lawsuit as to its liability if the phantom driver was found at fault. However, regardless of what the appellant believed and intended, the fact remains that the trial court entered a judgment making State Farm jointly and severally liable for the $25,000 in damages awarded to the appellant. As such, as discussed, *supra*, under joint and several liability, State Farm's $5,000 payment was required to be credited against the $25,000 judgment for the appellant, which, when coupled with the payments of McBroom and Ernst, sufficed to satisfy the appellant's judgment, supporting the trial court's Rule 74.11(c) orders, which are under attack in this appeal. To rule otherwise would require us to impeach or annul the judgment for which there appears no grounds on which to do so, as discussed, *infra.*

 As stated, *supra*, the judgment here was never appealed. As such, the contractual claim of the appellant against State Farm merged into the judgment entered, *State ex rel. Liberty Mut. Ins. Co. v. Gum*, 904 S.W.2d 447, 452 (Mo.App.1995), such that the attempt by the appellant to rely on it in the Rule 74.11(c) proceedings below to thwart the effect of the judgment as entered was a collateral attack on it in an attempt to impeach or annul it. "As a general rule, the validity of a judgment may only be impeached in an action by a formal appeal, 'the sole object of which is to deny and disprove' the judgment." *Travis v. Contico Int'l, Inc.*, 928 S.W.2d 367, 369 (Mo.App.1996) (*quoting Caby v. Caby*, 825 S.W.2d 56, 59 (Mo.App.1992)); *see Williams v. Rape*, 990 S.W.2d 55, 58–59 (Mo.App.1999). "Collateral attacks ... are attempts 'to impeach a judgment in a proceeding not instituted for the express purpose of annulling the judgment' and are prohibited." *Travis*, 928 S.W.2d at 369 (*quoting Caby*, 825 S.W.2d at 59). "Errors of law do not provide grounds for collaterally attacking a final judgment." *State ex rel. Robinson v. Crouch*, 616 S.W.2d 587, 591 (Mo.App.1981). However, the "rule prohibiting collateral attacks does not apply ... when a judgment is void." *Travis*, 928 S.W.2d at 369. " '[A] judgment which is void on the face of the record is entitled to no respect, and may be impeached at any time *in any proceeding* in which it is sought to be enforced or in which its validity is questioned by anyone with whose rights or interests it conflicts.' " *Id.* at 370 (emphasis added) (*quoting La Presto v. La Presto*, 285 S.W.2d 568, 570 (Mo.1955)). There is no claim or anything in the record to indicate that the judgment in this case was void on its face.

For the reasons stated, we find that the trial court did not err in ordering satisfaction of the judgment for $25,000 for the appellant on her claim against the respondents for damages for personal injuries.

Point denied.

### Conclusion

The Rule 74.11(c) orders of the circuit court, showing satisfaction of the $25,000 judgment rendered in favor of the appellant and against the defendants below, is affirmed.

SMART, P.J., and ELLIS, J., concur.