Sheila J. SMITH, et al., Respondents,

v.

Judy L. COFFEY, Respondent,

David Thompson, Defendant,

Missouri Highway and Transportation Commission, Appellant.

No. SC 82515.

Supreme Court of Missouri,
En Banc.

Jan. 23, 2001.

Rehearing Denied March 20, 2001.

Judy L. Curran, Rich Tiemeyer, Lee's Summit, for Appellant.

J. Christopher Spangler, Sedalia, Andrew J. Gelbach, Warrensburg, for Respondents.

HOLSTEIN, Judge.

This case arises from a personal injury and loss of consortium claim filed by plaintiffs Sheila and Charles Smith against defendants Judy Coffey and David Thompson. In an amended petition, the plaintiffs joined the Missouri Highway and Transportation Commission (MHTC) as a defendant. Thompson settled with the plaintiffs, and the case went to trial with the remaining defendants. The jury returned a verdict for the plaintiffs. MHTC challenges the constitutionality of sec. 537.067, RSMo 1994,[1] Missouri's joint and several liability statute, as applied to it. Because the validity of a statute is at issue, this Court has jurisdiction of the appeal. *Mo. Const. art. V, sec. 3.* The trial court's judgment is affirmed.

The facts are not in dispute. In the late evening of September 24, 1994, Sheila Smith was a passenger in the vehicle driven by Judy Coffey. They were proceeding east on Missouri Highway 2 toward the Highway 13 junction in Johnson County. Meanwhile, David Thompson drove a tractor-trailer southbound on Highway 13 toward the same intersection. As Coffey approached the junction, she slowed or stopped at the stop sign as Thompson, who had the right of way, continued through the intersection. Before he passed, Coffey pulled into the intersection and collided with the truck. Sheila was injured in the accident.

In the ensuing lawsuit, plaintiffs accused both Coffey and Thompson of failure to keep a careful lookout and of failure to take evasive action. Additionally, plaintiffs claimed Coffey failed to yield the right of way and drove while intoxicated or under the influence of alcohol. They also accused Thompson of speeding. Before trial, plaintiffs filed an amended petition joining MHTC as a defendant. The amended petition complained of MHTC's negligence in failing to provide a clearly delineated stop bar at the intersection.

Thompson settled with plaintiffs for $250,000. After a change of venue, the case went to trial in Cass County against Coffey and MHTC. Following a four-day trial, the jury returned a verdict for plaintiffs in the amount of $400,000 for Sheila and $20,000 for Charles. In addition, it allocated ninety-five percent of the fault to Coffey and five percent to MHTC. Coffey and MHTC made a post-trial motion to

---

1. All statutory references are to RSMo 1994.

offset the amount of Thompson's settlement from the jury's total verdict. The trial court sustained the motion, reducing the total judgment to $170,000. MHTC objected to the judgment, claiming its liability could not exceed the five percent fault allocated to it. At the same time, it challenged the constitutionality of sec. 537.067. On appeal, MHTC asserts a single point relied on. However, the argument portion of the brief discloses at least two other claims.[2] The three claims will be addressed as presented in the brief.

First, MHTC contends the joint and several liability statute does not apply to the government unless it is specifically designated within the statutory language. Next, MHTC challenges the constitutionality of sec. 537.067, the joint and several liability statute, on two fronts: (1) MHTC claims that permitting it to be held jointly and severally liable is tantamount to using public funds to pay a private debt in violation of article III, secs. 38(a) and 39[3]; and (2) it contends holding it jointly and severally liable diverts state highway funds from their intended purpose in violation of article IV, sec. 30(a) and (b). Finally, MHTC claims that portions of injuries attributable to others are not injuries that "directly resulted" from the conduct of MHTC as required by sec. 537.600.1(2) and that such portion of damages may not be recovered against a state agency.

## I.

 MHTC stresses the fact that the joint and several liability statute does not specifically mention the state or its agencies. To this end, it cites *Carpenter v. King*, 679 S.W.2d 866, 868 (Mo. banc 1984) (quoting *Hayes v. City of Kansas City*, 362 Mo. 368, 241 S.W.2d 888 (1951)), which recognized that " 'the state and its agencies are not to be considered as within the purview of a statute, however general and

comprehensive the language of such act may be, unless an intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication.' " From this, MHTC reasons the joint and several liability statute does not apply to it as neither the state nor its agencies are specifically mentioned in sec. 537.067. But the rule articulated in *Carpenter*, requiring the state to be specifically named in the statute in order to be subject to tort liability, is satisfied by the express waiver of sovereign immunity in the limited class of tort cases described in sec. 537.600.1. Joint and several liability is a generally applicable principle that furthers Missouri's policy of placing the financial burden of injuries on the parties at fault in causing the injuries. It does not create a new theory of recovery for which sovereign immunity must be waived anew. Moreover, the common law doctrine of joint and several liability was firmly imbedded in tort law long before the legislature resolved to subject the government to tort liability. *Berry v. Kansas City Pub. Serv. Co.*, 343 Mo. 474, 121 S.W.2d 825, 833 (1938). The Court must presume that the legislature was aware of the state of the law at the time of enactment of sec. 537.600. *Suffian v. Usher*, 19 S.W.3d 130, 133 (Mo. banc 2000). The legislative choice to make sec. 537.067.1 applicable to "all tort actions for damages" cannot be taken for any less than a legislative reaffirmation that the government is subject to joint and several liability. Furthermore, it would be absurd to insist that the legislature must specifically provide whether each and every statute relating to tort law is applicable to the state and its agencies where it has already adopted a clear exception to governmental tort immunity. *Carpenter* and cases pro-

---

2. Though the failure to set out separate points relied on is not in compliance with Rule 84.04(d), the respondent did not complain and was able to identify and address the issues in her brief.

3. MHTC is apparently only challenging liability in excess of its proportionate share of fault.

viding likewise do not require such redundancy.

## II.

In its constitutional arguments, MHTC challenges sec. 537.067.1 as being unconstitutional as applied since it either allows public funds to be used directly to pay a private debt, in this case Coffey's, in violation of article III, secs. 38(a) and 39 or indirectly through the diversion of state highway funds in violation of article IV, sec. 30(a) and (b).

Statutes are presumed to be constitutional. *Suffian v. Usher*, 19 S.W.3d 130, 134 (Mo. banc 2000). Accordingly, the burden of showing a statute unconstitutional rests with MHTC. *Id.* The Court will not invalidate a statute " 'unless it clearly and undoubtedly contravenes the constitution and plainly and palpably affronts fundamental law embodied in the constitution.' " *Id.* (quoting *In re Marriage of Kohring*, 999 S.W.2d 228, 231 (Mo. banc 1999)).

MHTC's arguments fail to meet this high standard. Since MHTC, as a joint tortfeasor, is wholly liable for plaintiffs' injuries, any satisfaction of plaintiffs' judgment is the satisfaction of a public, rather than private debt. Not surprisingly, MHTC cannot marshal any case authority casting doubt on this conclusion. Instead, MHTC raises a public policy argument, lamenting the incentive for future plaintiffs to allege some highway or signage defect in order to avoid a ceiling being placed on recovery by an insurance policy limit or the existence of a judgment-proof tortfeasor.[4] Beyond this, MHTC merely concludes forcing it to pay any more than five percent of the judgment is tantamount to requiring it to pay Coffey's private debt. To fill the void of case authority, MHTC proceeds to cite a number of cases involving a claim of public funds being used for

private purposes in such diverse contexts as retroactive retirement benefits, tax credits, revenue bonds, state litigation of child support cases, and the tort victims' compensation fund. *See e.g., Fust v. Attorney Gen. for the State of Mo.*, 947 S.W.2d 424 (Mo. banc 1997); *Curchin v. Missouri Indus. Dev. Bd.*, 722 S.W.2d 930 (Mo. banc 1987); *State ex rel. Leet v. Leet*, 624 S.W.2d 21 (Mo.1981); *State ex rel. Wagner v. St. Louis County Port Auth.*, 604 S.W.2d 592 (Mo. banc 1980); *Menorah Med. Ctr. v. Health & Educ. Facilities Auth.*, 584 S.W.2d 73 (Mo. banc 1979); *State ex rel. Farmers' Elec. Coop., Inc. v. State Envtl. Improvement Auth.*, 518 S.W.2d 68 (Mo. banc 1975); *State ex rel. Cleaveland v. Bond*, 518 S.W.2d 649 (Mo. 1975); *State ex rel. City of Jefferson v. Smith*, 348 Mo. 554, 154 S.W.2d 101 (1941). These cases do not bear upon the disputed issue. Governmental tort liability based on the fault of a state agency simply is not the same as making a gratuitous transfer of public funds or resources in favor of any injured plaintiff. To the extent of the waiver of immunity, the state is obligated to pay its debt to an injured party, the same as any other tortfeasor. No violation of article III, secs. 38(a) and 39 is evident by requiring the payment of a debt.

In its second constitutional challenge, MHTC submits that allowing the commission to be subject to joint and several liability is an unconstitutional diversion of public funds appropriated for state highway projects. This argument largely tracks the first. Article IV, sec. 30(b) seems to be the more applicable constitutional provision as sec. 30(a) applies only to the allocation of fuel tax revenue after expenses and apportionment between the state, counties, and cities. However, the language of the latter section seems to undermine MHTC's argument. The restriction placed on disbursement of state highway funds only comes from the sum

---

4. The cap placed on governmental liability found in sec. 537.610.2, coupled with the role of the trial judge and jury in filtering out frivolous complaints, adequately address MHTC's policy concerns.

remaining after expenses relating to *"maintaining the highway related activities of the highway and transportation commission and department including any worker's compensation or retirement programs"* are paid. *Mo. Const. art. IV, sec. 30(b)* (emphasis added). Clearly, "highway related activities" is a broad phrase, demonstrated by the inclusion of worker's compensation and retirement benefits within its purview. It follows that highway related activities include those resulting in injury as well as the satisfaction of any civil judgments arising from such activities. Since these costs are paid prior to the decision to earmark any money for the state highway funds, no unconstitutional diversion of appropriated highway funds ever takes place.

### III.

MHTC's last claim, woven among other arguments, is based on the text of 537.600.1(2). It provides in relevant part that immunity of a public entity from liability due to negligence is waived for injuries caused by the condition of public property if the "injury directly resulted from the dangerous condition" of the public property. MHTC argues that the words "directly resulted from" means that immunity is waived only to the extent that plaintiff's injuries are solely or exclusively attributable to the public entity. But the legislature did not use the word "solely" or "exclusively" in the statute. To infer those words one must resort to the rules of statutory construction. The principal rule of statutory construction is to determine the intent of the legislature from the words used. *Gott v. Director of Revenue*, 5 S.W.3d 155, 159 (Mo. banc 1999). Here, the words used in the statute echo the words in the approved instructions on damages. MAI 4.01 and 37.03. The words "direct result" were used interchangeably with the words "proximate cause" in tort case instructions for over a half-century. *Applebee v. Ross*, 48 S.W.2d 900, 902 (Mo.1932). In addition, this Court has on at least two occasions held that the words "directly resulted from" in 537.600.1(2) are synonymous with "proximate cause." *Stanley v. City of Independence*, 995 S.W.2d 485, 488 (Mo. banc 1999); *State ex rel. Missouri Highway & Transp. Comm'n v. Dierker*, 961 S.W.2d 58, 60 (Mo. banc 1998). The General Assembly expressed no intent to create a new set of tort rules applicable only to state agencies by its use of the words "directly resulted" in the statute granting the limited waiver of tort immunity. Rather, it intended that to the extent of the waiver, normal tort rules of liability and causation would be applicable.

### CONCLUSION

The judgment of the trial court is affirmed.

All concur.