**Margaret CAPELL and Homer Capell, Respondents,**

v.

**Charles ABBICK, Jr., Appellant,**

**and**

**City of Kansas City, Defendant.**

**No. WD 62412.**

Missouri Court of Appeals,
Western District.

Oct. 14, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 25, 2003.

Application for Transfer Denied
Jan. 27, 2004.

Frederick Gregg Thompson IV, Kansas City, for Appellant.

John E. Turner, Christopher Sweeney, Kansas City, for Respondent.

PAUL M. SPINDEN, Presiding Judge.

When Homer and Margaret Capell were injured in an automobile crash, they sued the driver of the other car and Kansas City as joint tortfeasors. The jury awarded the Capells $19 million and declared the city to be 99 percent at fault for its negligent design of the roadway and Abbick to be one percent at fault for his negligent driving. Before trial, Abbick's insurer paid the Capells $250,000, and the Capells agreed to seek only $50,000 from Abbick. Because of sovereign immunity, the city's liability was capped at $300,000. The circuit court ordered Abbick to pay the $50,000 in addition to the city's $300,000. Abbick complains that, because he was only one percent at fault and because he

has no right of contribution against the city as a sovereign, the circuit court should not have required him to pay the $50,000. He asserts that the circuit court's judgment, in effect, requires him to pay the city's debt without a corresponding right of contribution. We conclude that the circuit court ruled correctly and affirm its judgment.

At trial, the jury awarded $15 million to Margaret Capell on her personal injury claim and awarded $4 million to Homer Capell on his loss of services claim. After the verdict, the city filed a motion to reduce the verdict and judgment to conform with the sovereign immunity limits of § 537.610.2, RSMo 2000. Abbick also filed a motion to reduce the verdict. On January 29, 2003, the circuit court entered its second amended judgment, setting the amounts of liability:

[T]he jury award of $15,000,000.00 for Margaret Capell [shall] be reduced to $14,800,000.00 which reflects the credit of $200,000.00 [for Abbick's pretrial payment of insurance]. The jury award for Homer Capell is hereby reduced to $3,950,000.00 to reflect the credit of $50,000.00. Both defendants are jointly and severally liable for these amounts subject to the protections enjoyed by each defendant by way of the statutory and agreed to protections recited above.

... Margaret Capell [shall] have judgment against the City of Kansas City, Missouri in the amount of $237,000.00 and Homer Capell [shall] have judgment against the City of Kansas [City] in the amount of $63,000.00 which is the prorated distribution of the sum of $300,000.00, the amount for which a sovereign can be liable. To the extent that there is liability insurance which would be applicable to any amount over $300,000.00, then plaintiff Margaret Capell shall have judgment over and above

$300,000.00 and up to the sum of $14,800,000.00 and plaintiff Homer Capell shall have judgment over and above $3,950,000.00. In no event is the City of Kansas City, Missouri liable for a sum over $300,000.00 from its assets and/or City treasury.

. . . Margaret Capell [shall] have judgment against defendant Charles Abbick in the amount of $39,500.00 and Homer Capell [shall] have judgment against defendant Charles Abbick in the amount of $10,500.00 which is a total of $50,000.00 prorated as to the amounts which the plaintiffs were awarded by the jury.

[S]ince both of the above amounts of reduced judgments are less than the total jury awards for which awards the defendants were jointly and severally liable, except for the modifications set forth above, . . . the plaintiffs shall have and recover such sums in total. In other words, plaintiffs are entitled to make recovery from the defendant City in their prorated amounts up to the sum of $300,000.00 and plaintiffs are entitled to make recovery from defendant Abbick in their prorated amounts up to $50,000.00.

Abbick contends that, because he and the city were jointly and severally liable for the judgment and because sovereign immunity limited the city's liability to $300,000, the circuit court should have entered a single judgment against both of them, jointly and severally, for $300,000 with recovery against Abbick limited to $50,000. We disagree.

■ Under § 537.067.1, RSMo 2000, Abbick was jointly and severally liable with the city for the Capells damages. The statute says, "In all tort actions for damages, in which fault is not assessed to the plaintiff, the defendants shall be jointly and severally liable for the amount of the judgment rendered against such defendants." Apportionment of fault between

defendants has no effect on a plaintiff's right to collect the full amount of a judgment from any one of the defendants. *Gaunt v. State Farm Mutual Automobile Insurance Company,* 24 S.W.3d 130, 135 (Mo.App.2000); *Elfrink v. Burlington Northern Railroad Company,* 845 S.W.2d 607, 615 (Mo.App.1992).

■ Were we to accept Abbick's contention, a plaintiff's recovery from a nonsovereign codefendant in every case in which a sovereign was a defendant would be capped by the sovereign immunity statute. Sovereign immunity, however, is "uniquely applicable to a governmental entity[.]" *Cottey v. Schmitter,* 24 S.W.3d 126, 128 (Mo.App.2000). Because Abbick is not a sovereign, he is not entitled to the protections of the sovereign immunity statute. His being a joint tortfeasor with a sovereign does not change this.

■ Abbick complains that, because the jury found that he was only one percent at fault, his liability should be limited to $190,000, and his payment of $250,000 satisfied this liability. He argues that, because the jury assessed a lesser percentage of fault to him, he should not be liable for a judgment in excess of the city's judgment from which his joint liability is derived and for which he is not permitted contribution. He contends that his joint liability should have been limited to the $300,000 judgment against the city (subject to Abbick's $50,000 contractual cap) because his joint and several liability resulted solely from the 99 percent fault assessed to the city. Abbick asserts, "Principles of fairness should . . . not allow joint liability in excess of the $300,000 judgment against the City without a corresponding right of contribution. To do so would require . . . Abbick to pay the City's debt without any possibility of recovery and is an unfair burden and complete reallocation of the City's liability without contribution." We disagree.

In rejecting a similar argument, the court in *Jones v. St. Louis Housing Authority* ruled that "the apportionment of relative fault between defendants is to have no effect upon a plaintiff's right to collect the full amount of his judgment from any one of the joint tortfeasors." 726 S.W.2d 766, 779 (Mo.App.1987). In *Jones,* the plaintiff sued the St. Louis Housing Authority and two private firms for the wrongful death of her son. A jury awarded $250,000 in damages and found that the Housing Authority was 80 percent at fault ($200,000) and that one of the firms was 20 percent at fault ($50,000). The Housing Authority's liability, however, was capped at $100,000 because of sovereign immunity pursuant to § 537.610, RSMo 1978. The *Jones* court held that the plaintiff could collect 100 percent of the judgment from the private firm even though the firm was only 20 percent at fault:

> [S]tatutory and decisional constraints prohibit the entry of judgment in accordance with the verdict of the jury insofar as it purports to settle the proportion of fault between the two defendants. The exposure of the defendant Housing Authority is limited to $100,000 and plaintiff may not have judgment against that defendant for any greater amount. She may execute upon her judgment against defendant Rhymes for the full amount thereof, but Rhymes is entitled to recover over against the Housing Authority until the latter has paid the full amount of the statutory limit.

*Id.* at 779. This holding is consistent with the policy underlying joint and several liability: "placing the financial burden of injuries on the parties at fault in causing the injuries." *Smith v. Coffey,* 37 S.W.3d 797, 799 (Mo. banc 2001).

Consistent with this policy, the circuit court in Abbick's case placed the burden on Abbick and the city and not on the Capells. The jury's apportionment of fault between Abbick and the city had no effect on the Capells' right to collect the full amount of the judgment from either of the joint tortfeasors, subject only to the statutory and contractual protections enjoyed by each party. In this case, the parties' liability on the judgment was limited to $350,000 because of the city's sovereign immunity and Abbick's contract with the Capells; hence, although Abbick was only one percent at fault, he still had liability exposure up to $50,000 because he was jointly and severally liable for the judgment with the city. That Abbick did not have a right of contribution from the city is not the Capells' concern. To rule otherwise would violate public policy and place the financial burden of injuries on innocent parties rather than on the parties at fault.

We affirm the circuit court's judgment.

THOMAS H. NEWTON, Judge, and RONALD R. HOLLIGER, Judge, concur.